## UNITED STATES DISTRCIT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ANTONIO LAVON MANNING,

          Plaintiff,

v.

TEA DATING ADVICE, INC. d/b/a
TEA, JOHN/JANE DOES 1-20,
individuals,

          Defendants.

Case No.

Hon.
Magistrate Judge

Removed from Wayne County Circuit
Court
Case No: 25-013290-CZ
Hon. Edward J. Joseph

---

## <u>NOTICE OF REMOVAL</u>

**NOTICE IS HEREBY GIVEN**, that Defendant Tea Dating Advice, Inc.

("Tea" or "Defendant"), by its counsel, hereby removes the claims pending in the

action captioned *Antonio Lavon Manning v. Tea Dating Advice, Inc., et al.*, Case No.

25-013290-CZ before the Circuit Court of Wayne County, Michigan (the "State

Court Action") to the United States District Court for the Eastern District of

Michigan, Southern Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, based

on diversity of citizenship.  In support of this removal, Tea states as follows:

### I.    <u>BACKGROUND AND TIMELINESS OF REMOVAL</u>

1.    On August 26, 2025, Plaintiff Antonio Lavon Manning ("Plaintiff")

filed his complaint (the "Complaint") in the Circuit Court of Wayne County,

Michigan, against Tea and Defendants John/Jane Does #1-20 ("Doe Defendants").

2.     Plaintiff alleges that anonymous Tea users made false posts about him on the Tea app, including that he "suffers from a sexually transmitted infection and falsely portrayed Plaintiff as an ongoing 'predatory sex offender'" and that the "statements were accessible to third parties through Tea's platform . . . ."  **Exhibit A**, Compl. ¶¶ 1 & 10.  He asserted claims for: (1) Defamation Per Se (against the Doe Defendants); (2) False Light (against the Doe Defendants); (3) Public Disclosure of Private Facts (against the Doe Defendants); (4) Intentional Infliction of Emotional Distress (against the Doe Defendants); (5) "Negligence/Misrepresentation" (against Tea); (6) "False Advertising/MCPA" (against Tea); and (7) Appropriation of Name and Likeness (against Tea and the Doe Defendants).  *See* Ex. A, Compl. ¶¶ 14-34.

3.     On August 28, 2025, Plaintiff served the above-referenced Complaint on Tea by mail.  *See* Ex. A, Certificate of Service.  On information and belief, Plaintiff has not served any other defendant.

4.     In accordance with 28 U.S.C. § 1446(b), this notice of removal (the "Notice") is being filed within thirty (30) days of the date when Plaintiff served a copy of the Complaint, which is the initial pleading setting forth the claim for relief upon which this action is based, on Tea.

5.     Pursuant to 28 U.S.C. § 1446(a), any and all process, pleadings, and orders now on file in the State Court Action or served on Tea are attached to this

Notice as Exhibit A.

## II.     <u>VENUE</u>

6.     This Court is in the judicial district and division embracing the place where the state court action was brought and is pending.  Specifically, the United States District Court for the Eastern District of Michigan embraces the Circuit Court for the County of Wayne.  Thus, this Court is the district court to which this case is properly removed.  *See* 28 U.S.C. §§ 1441(a) and 1446(a).

## III.     <u>NO ADMISSION</u>

7.     Tea denies any liability in this case. In alleging the amount in controversy and other matters in this Notice, Tea does not concede any liability, damages, or any other claims or defenses.  Tea is only stating what the stakes of litigation could be under Plaintiff's allegations as set forth in his Complaint.

8.     In filing this Notice, Tea does not waive, and specifically reserves, any and all objections, including but not limited to objections as to service and personal jurisdiction.

## IV.     <u>GROUNDS FOR REMOVAL</u>

9.     This Court has original jurisdiction over this action under 28 U.S.C. § 1332 because (1) there is complete diversity of the parties; (2) the amount in controversy exceeds $75,000.00; and (3) Tea is not a citizen of Michigan for purposes of diversity jurisdiction.

10.    In addition, removal of this case is proper under 28 U.S.C. § 1441(a), which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

## A.    Complete Diversity Exists Between the Parties

11.    Plaintiff alleges that he is a citizen and resident of the State of Michigan.  Ex. A, Compl. ¶ 3.

12.    Tea is, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of Delaware, *see* Tea's Certificate of Incorporation, attached as **Exhibit B**, with its principal place of business in San Francisco, California.  *See id*; *see also* Ex. A, Compl. ¶ 4.  Therefore, Tea is a citizen of Delaware and California for purposes of determining diversity of citizenship.  *See* 28 U.S.C. § 1332(c)(1); *see also Good v. Howmedica Osteonics, Corp.*, No. 16-1173,  2017 WL 11716360, at *2 (6th Cir. Dec. 4, 2017) (corporation a citizen of its state of incorporation and where it has a principal place of business).

13.    The citizenship of the Doe Defendants should be ignored because "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. §1441(b)(1).

14.     Therefore, there is diversity of citizenship between Plaintiff, a citizen of Michigan, and Tea, a citizen of Delaware and California.

**B.      THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET**

15.     Pursuant to LR 81.1 and 28 U.S.C. § 1332, Tea states that the amount-in-controversy in this action exceeds $75,000, exclusive of interest and costs.

16.     As the Supreme Court has made clear, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 81 (2014).  The amount-in-controversy threshold is met as long as there is "some chance" the plaintiff "could recover the amount claimed." *Kovacs v. Chesley*, 406 F.3d 393, 395 (6th Cir. 2005) (amount-in-controversy threshold met "because it does not appear to a legal certainty that [plaintiff's] claim is for less than $75,000").

17.     Plaintiff claims that he suffered "reputational harm, humiliation, emotional distress, and business injury" because of posts falsely alleging that he suffers from a sexually transmitted infection and calling him a "predator sex offender."  Ex. A, Compl. ¶ 1.  He also claims that he is the "founder of a successful business enterprise" *id*. at ¶ 3 but that he continues to suffer "irreparable reputational harm" *id*. at ¶ 2, and that the posts were "designed to stigmatize and deter social, romantic, community, and professional engagement with Plaintiff" *id*. at ¶ 10.

4920-0151-6140.3

18.    Plaintiff seeks open ended compensatory, exemplary, and punitive damages, including "damages for reputational harm, humiliation, emotional distress, and business injury, with punitive damages warranted due to the malice and disregard demonstrated by Defendants." *See* Ex. A, Compl., Prayer for Relief at subsection (a).  Plaintiff also seek an award of attorneys' fees. *See id*. at subsection (g).

19.    By filing his Complaint in Michigan Circuit Court, Plaintiff has conceded that the amount in controversy at least exceeds $25,000.  MCL 600.8301 ("The district court has exclusive jurisdiction in civil actions when the amount in controversy does not exceed $25,000.00.").

20.    <u>Punitive and Exemplary Damages</u>.  Claims for punitive and exemplary damages should be included in the amount-in-controversy calculation, "unless it is apparent to a legal certainty that such cannot be recovered." *Hayes v. Equitable Energy Res. Co.,* 266 F.3d 560, 572 (6th Cir. 2001); *see also Lauderdale v. Wells Fargo Home Mortg.*, No. 10-CV-13229, 2010 WL 4789148, at *2 (E.D. Mich. Nov. 17, 2010) ("Exemplary damages are akin to punitive damages.").  Since that is not the case here, they are properly included in the amount-in-controversy calculation.

21.    <u>Attorneys' Fees</u>.  Attorneys' fees provided for by statute "can be considered in determining whether the jurisdictional amount is met." *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007).  Here, Plaintiff seeks statutory

6

attorneys' fees under the Michigan Consumer Protection Act. *See* Ex. A, Compl. ¶ 27; Prayer for Relief at subsection (g).

22. <u>Emotional Distress and Reputational Harm Damages</u>. Plaintiff claims he is entitled to damages for "emotional distress" and "reputational harm." *Id.* at Prayer for Relief, subsection (a). In the Sixth Circuit, when "state law at least arguably permits the type of damages claimed, the amount in controversy requirement will be satisfied even if it is unlikely that the plaintiff can recover an amount exceeding the jurisdictional requirement." *Kovacs*, 406 F.3d at 397. Michigan law does not foreclose damages for emotional distress and reputational harm. *Apostle v. Booth Newspapers, Inc.*, 572 F. Supp. 897, 905 (W.D. Mich. 1983), supplemented, 577 F. Supp. 962 (W.D. Mich. 1984) ("in Michigan a plaintiff . . . may recover for emotional distress as well as injury to reputation").

23. <u>Injunctive Relief</u>. Plaintiff also claims he is entitled to "injunctive relief requiring removal of the defamatory content and prohibiting republication." Ex. A, Compl., Prayer for Relief, subsection (c). The "costs of complying with an injunction . . . may establish the amount-in-controversy." *Cleveland Hous. Renewal Project v. Deutsche Bank Tr. Co.*, 621 F.3d 554, 560 (6th Cir. 2010) (quoting *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 829 (6th Cir. 2006)) (internal quotations removed). The injunctive relief sought to the extent it exceeds just taking down certain posts puts additional amounts in controversy which could be significant: the

cost of implementing unspecified procedures to prevent republication of the allegedly defamatory content.

24.   Juries regularly render verdicts exceeding $75,000 in cases involving similar causes of action. *See Armstrong v. Shirvell*, 596 F. App'x 433, 458-59 (6th Cir. 2015) (affirming, in part, verdict awarding $750,000 in compensatory damages and $50,000 in exemplary damages for suit alleging defamation, false light invasion of privacy, intentional infliction of emotional distress, and stalking); *see also Jones v. Dirty World Ent. Recordings LLC*, 755 F.3d 398, 402, 417 (6th Cir. 2014) (jury awarded "verdict in favor of [plaintiff] for $38,000 in compensatory damages and $300,000 in punitive damages" on claims for user-generated content published by online tabloid later vacated on Section 230 grounds).

25.   The foregoing demonstrates that the jurisdictional amount-in-controversy requirement under § 1332(a) is satisfied.

## V.   <u>NOTICE</u>

26.   As required by 28 U.S.C. § 1446(d), Tea is providing written notice of the filing of this Notice to Plaintiff and is filing a copy of the Notice with the Clerk of the Circuit Court of Wayne County, Michigan.

## VI.   <u>CONCLUSION</u>

Defendant Tea hereby removes the State Court Action from the Circuit Court of Wayne County, Michigan to the United States District Court for the Eastern

4920-0151-6140.3

District of Michigan, Southern Division.


Respectfully submitted,


Dated: September 25, 2025          */s/ Katherine L. Pullen*

Katherine L. Pullen (P74511)
Amber J. Krupp (P88317)
WARNER NORCROSS + JUDD LLP
2715 Woodward Avenue, Suite 300
Detroit, Michigan 48201
(313) 546-6000
kpullen@wnj.com
akrupp@wnj.com

*/s/ Admission to be sought for:*

Bethany G. Lukitsch
Baker & Hostetler LLP
1900 Avenue of the Stars
Suite 2700
Los Angeles, CA  90067-4301
310.442.8856
blukitsch@bakerlaw.com

Cameron S Friedman
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY  10111
212.589.4667
cfriedman@bakerlaw.com

## **PROOF OF SERVICE**

Amber Krupp states that on September 25, 2025, she caused the foregoing

document to be served on Plaintiff by first-class mail, postage prepaid, to the

address set forth below:

Antonio Lavon Manning
Appearing in Propria Persona
26200 Ford Road, PO Box #753
Dearborn Heights, Michigan 48127

Dated: September 25, 2025                */s/ Amber Krupp*

WARNER NORCROSS + JUDD LLP
2715 Woodward Avenue, Suite 300
Detroit, Michigan 48201
(313) 546-6000
akrupp@wnj.com

# State Court Documents

1st Copy - Defendant    3rd Copy - Return

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS | CASE NO.<br>25-013290-CZ<br>Hon. Edward J. Joseph |
|---|---|---|

Court telephone no.:

| Plaintiff's name(s), address(es), and telephone no(s)<br>Manning, Antonio Lavon | v | Defendant's name(s), address(es), and telephone no(s).<br>Tea Dating Advice, Inc. d/b/a "TEA" |
|---|---|---|
| **Plaintiff's attorney, bar no., address, and telephone no**<br>Antonio Lavon Manning<br>26200 Ford Road<br>Dearborn Heights, MI 48127 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

### Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

### Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____.
The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk. | **SUMMONS** |

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>8/26/2025 | Expiration date*<br>11/25/2025 | Court clerk<br>Jacqueline Ruff |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (3/23)    SUMMONS    MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105



Kimberly DeLoach   9/4/2025 2:31 PM   WAYNE COUNTY CLERK   Cathy M. Garrett   IN MY OFFICE

25-013290-CZ FILED IN MY OFFICE

SUMMONS

Case No. : 25-013290-CZ

## PROOF OF SERVICE

**TO PROCESS SERVER:** You must serve the summons and complaint and file proof of service with the court clerk before the expiration date on the summons. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE OF SERVICE / NONSERVICE

☒ I served ☐ personally ☒ by registered or certified mail, return receipt requested, and delivery restricted to the addressee(copy of return receipt attached) a copy of the summons and the complaint, together with the attachments listed below, on:

☐ I have attempted to serve a copy of the summons and complaint, together with the attachments listed below, and have been unable to complete service on:

| Name | Date and time of service |
|------|--------------------------|
| Tea Dating Advice Inc. D/B/A "TEA" | 28 August 2025 |

Place or address of service
Ch. Legaline Registered Agents ; 500 N. Brand Blvd., #890

Attachments (if any)   Summons, Complaint, Motion for leave for Early Discovery, Proposed Order for Motion for Early Discovery.

☐ I am a sheriff, deputy sheriff, bailiff, appointed court officer or attorney for a party.

☐ I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ | | Signature |
|---------------|------------------|-------|---|-----------|
| Incorrect address fee $ | Miles traveled $ | Fee $ | Total fee $ 60.⁰⁰ | A.L. MANNING |
| | | | | Name (type or print) |

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with

_____   on   _____
Attachments (if any)                                              Date and time

_____   on behalf of   _____

Signature
_____

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Legaline Registered Agents
500 N. Brand Blvd., #850
Glendale, CA 91203

9590 9402 8233 3030 6462 79

2. Article Number (Transfer from service label)

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____   ☐ Agent
                          ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
                                     8/28

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
  (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

USPS TRACKING SANTA CLARITA CA 913

28 AUG 2025 PM 5 L

9590 9402 8233 3030 6462 79

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

A. L. Manning
P. O. Box 753
Dearborn Heights, MI 4812 7

Jacqueline Ruff   8/26/2025 2:31 PM   WAYNE COUNTY CLERK   Cathy M. Garrett   IN MY OFFICE   FILED   25-013290-CZ

**STATE OF MICHIGAN**

**IN THE 3ʳᵈ JUDICIAL CIRCUIT COURT FOR THE COUNTY OF WAYNE**

**Antonio Lavon MANNING,**

        Plaintiff,

v.

**TEA DATING ADVICE, INC. d/b/a TEA,
JOHN/JANE DOES 1–20,** individuals,

        Defendants.

_____/

Case Number: 25-_____-CZ

The Honorable_____

**JURY TRIAL DEMANDED**

**<u>COMPLAINT</u>**

***There is no other pending or resolved civil action arising out of the same transaction or occurrence
alleged in this complaint.***

**<u>*Introduction*</u>**

1. This is an action for defamation, false light, invasion of privacy, and related torts arising out of false statements published on the "Tea" mobile application concerning the Plaintiff. Specifically, anonymous users of the app falsely alleged that Plaintiff suffers from a sexually transmitted infection and falsely portrayed Plaintiff as an ongoing "predator sex offender," despite Plaintiff's registry status stemming solely from a decades-old consensual high school relationship. These statements are false, misleading, and defamatory per se under Michigan law. As a direct and proximate result of Defendants' actions and failures, Plaintiff has suffered reputational harm, humiliation, emotional distress, and business injury.

2. Absent court intervention, Plaintiff will have no remedy for these false and malicious statements, and the Doe defendants will remain shielded by anonymity while continuing to cause irreparable reputational harm.

### *Parties*

3. Plaintiff **ANTONIO LAVON MANNING** is an individual domiciled in Wayne County, Michigan. Plaintiff holds multiple academic degrees and is the founder of a successful business enterprise.

4. Defendant **Tea Dating Advice, Inc.** is, on information and belief, a corporation with principal offices in San Francisco, California, operating the "Tea" mobile application in Michigan and throughout the United States. The Tea app is available **in Michigan through Apple/Google stores**, which ties their business activity more firmly to venue and jurisdiction.

5. Defendants **John/Jane Does 1–20** are individuals who published or republished statements about Plaintiff on Tea. Their identities are presently unknown.

### *Jurisdiction and Venue*

4. This Court has subject matter jurisdiction under MCL 600.605.

5. Venue is proper under MCL 600.1621 because Plaintiff resides in this county, Defendants conduct business here, and the harm occurred in this jurisdiction.

### *Factual Allegations*

6. On or about August 25, 2025, Does 1–20 published posts on the Tea app alleging that Plaintiff:

   a. has a sexually transmitted infection ("STI");

   b. is a "sex offender predator"; and

   c. is "DL," a slang term meaning "down low," commonly used to insinuate that a man is secretly homosexual and concealing that fact from the public.

7. The statement regarding an STI is false. Plaintiff has never been diagnosed with nor disclosed having any STI.

8. While Plaintiff is registered on Michigan's sex offender registry due to a consensual high school relationship between an 18-year-old senior and a 15-year-old freshman, the Doe defendants falsely portrayed Plaintiff as an active, violent predator — a characterization that is materially misleading and damaging.

9. The "DL" allegation is likewise false and was made with reckless disregard for the truth. It carries significant stigma in Plaintiff's personal, professional, and community life, particularly within church communities and faith-based organizations where Plaintiff serves in a public capacity. These allegations are designed to undermine Plaintiff's credibility, sow distrust, and cause reputational injury in religious, social, and professional circles.

10. The statements were accessible to third parties through Tea's platform and were designed to stigmatize and deter social, romantic, community, and professional engagement with Plaintiff.

11. Tea advertises itself as a "safe, moderated, and screened" community, representing that it reviews content and prevents the posting of sensitive health or defamatory information. Notwithstanding those representations, Tea failed to prevent or remove the defamatory posts.

12. Plaintiff demanded removal of the content, but Tea failed or refused to act.

13. As a result, Plaintiff has suffered reputational damage, humiliation, emotional distress, injury to his professional and church standing, and business harm.

### *Cause of Action*

### Count I – <u>DEFAMATION PER SE (Against Does 1–20)</u>

14. Michigan law defines defamation as a false and defamatory statement concerning the plaintiff, published without privilege, with at least negligence, causing reputational harm. *Smith v. Anonymous Joint Enterprise*, 487 Mich 102, 113 (2010).

15. Statements imputing criminal sexual conduct or the existence of a "loathsome disease" are actionable as **defamation per se**. *Burden v. Elias Bros. Big Boy Rests.*, 240 Mich App 723, 727 (2000).

16. The Doe defendants' false statement that Plaintiff has an STI falls squarely into the per se category.

17. The Doe defendants' portrayal of Plaintiff as a "predator" goes beyond truth, conveying to readers that Plaintiff is actively dangerous, which is false and defamatory.

### Count II – <u>FALSE LIGHT (Against Does 1–20)</u>

17. Michigan recognizes the tort of false light invasion of privacy. Elements: (1) publicity placing plaintiff in a false light that would be highly offensive to a reasonable person, and (2) knowledge or reckless disregard of the falsity. *Early Detection Ctr, PC v. NY Life Ins Co.*, 157 Mich App 618, 632 (1986).

18. The Doe defendants placed Plaintiff in a false light by portraying him as a dangerous predator rather than the reality — an adult whose registry status stems from a decades-old high school relationship.

19. Such a portrayal is highly offensive and misleading to a reasonable observer.

### Count III – <u>PUBLIC DISCLOSURE OF PRIVATE FACTS (Against Does 1–20)</u>

20. Michigan recognizes liability where a defendant gives publicity to private facts that are highly offensive and not of legitimate public concern. *Doe v. Mills*, 212 Mich App 73, 88 (1995).

21. To the extent Does publicized Plaintiff's intimate high-school relationship details or implied medical diagnoses, they disclosed private facts not of public concern.

**Count IV – <u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (Against Does 1–20)</u>**

22. Michigan recognizes IIED where conduct is extreme and outrageous, intended or reckless, and causes severe distress. *Roberts v. Auto-Owners Ins Co.*, 422 Mich 594, 602 (1985).

23. Publishing stigmatizing falsehoods about Plaintiff's sexual health and mischaracterizing his registry status is extreme and outrageous, undertaken with reckless disregard of the harm.

**Count V – <u>NEGLIGENCE / MISREPRESENTATION (Against Tea)</u>**

24. Defendant Tea markets its app as a "safe, moderated, and screened" community providing "powerful safety tools so women can make informed choices about who they meet." Specifically, Tea represents:

a. It offers "an online community for women to support each other and navigate the dating world"

b. It equips users with "cutting-edge tools, real-time insights, and a powerful community" under the belief that "women should never have to compromise their safety while dating"

c. New posts are "reviewed by automated content moderation technology" and "flagged content is reviewed by our moderation team and is permanently rejected as needed to ensure adherence with community guidelines"

25. These representations are material to users and the public. Women use the app—and rely on its claims—to vet potential dates, seek protection against harmful or false allegations, and make informed dating decisions, trusting that Tea filters out unsafe or defamatory content.

26. Despite these representations, Tea failed to ensure defamatory or sensitive content was prevented or removed, including posts falsely accusing Plaintiff of having an STI, being a predator, or the "DL" allegation, which are harmful and false.

27. Tea's misrepresentations induced reliance by Plaintiff and others, creating a reasonable expectation that harmful content would not be published or would be promptly removed if reported.

28. Tea breached its duty by not exercising reasonable care to deliver its promised protections, resulting in reputational damage, emotional distress, injury to professional and church standing, and business harm to Plaintiff.

### Count VI – <u>FALSE ADVERTISING / MCPA (Against Tea)</u>

27. Tea's public claims of screening and preventing defamatory/medical content were deceptive acts under the MCPA, MCL 445.901 et seq.

### Count VII – <u>APPROPRIATION OF NAME AND LIKENESS (Against Tea and Does 1–20)</u>

28. Michigan recognizes the common law tort of appropriation of a person's name or likeness without consent. *Pallas v. Crowley, Milner & Co.*, 322 Mich. 411 (1948); *Battaglieri v. Mackinac Ctr. for Pub. Policy*, 261 Mich. App. 296, 678 N.W.2d 646 (2004).

29. Under this doctrine, "[o]ne who appropriates to his own use or benefit the name or likeness of another is subject to liability to the other for invasion of privacy." *Restatement (Second) of Torts § 652C*, adopted in Michigan.

30. Defendants, without Plaintiff's consent, used Plaintiff's image, likeness, and identifying information on the Tea mobile application by publishing Plaintiff's photograph and associating it with false and stigmatizing statements.

31. Defendants' conduct was for their own benefit and for the benefit of Tea, including but not limited to:

• increasing user engagement and in-app activity;

• enhancing the viral appeal of defamatory or sensational posts;

• strengthening Tea's brand identity as a "safety" app by featuring user-generated content; and

• increasing the advertising value and monetization potential of the Tea platform.

32. Plaintiff did not authorize or consent to the use of his name, image, or likeness on the Tea app.

33. Such unauthorized appropriation was highly offensive and has caused Plaintiff reputational injury, humiliation, and emotional distress.

34. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages including but not limited to loss of reputation, injury to professional and church standing, personal and business harm, and mental anguish.

## ANTICIPATORY ALLEGATIONS REGARDING SECTION 230 OF THE COMMUNICATIONS DECENCY ACT

Plaintiff is aware that Defendant Tea Dating Advice, Inc. ("Tea") will likely attempt to invoke immunity under Section 230 of the Communications Decency Act, 47 U.S.C. § 230(c)(1),

which generally bars treating an interactive computer service as the publisher of third-party content. Plaintiff submits that such immunity does not categorically apply here, for several reasons.

1. **Independent Conduct:** Tea made its own promises and representations concerning moderation, safety, and the removal of defamatory or private content. Liability arising from Tea's *own conduct* or *specific assurances* is not barred by Section 230. *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096 (9th Cir. 2009).

2. **Material Contribution:** To the extent discovery reveals that Tea structured its app to solicit or require harmful categories (e.g., "predator," "STI-positive," or "sex offender"), Tea materially contributed to the unlawful content and thereby acted as a co-developer. In such circumstances, Section 230 immunity does not apply. *Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157 (9th Cir. 2008) (en banc); *Jones v. Dirty World Entm't Recordings LLC*, 755 F.3d 398 (6th Cir. 2014).

3. **Negligent Product Design:** Plaintiff's claims also sound in negligent product design and deceptive trade practices — independent duties outside "publisher" status. Courts have held that Section 230 does not insulate platforms from liability for unsafe design choices. *Lemmon v. Snap, Inc.*, 995 F.3d 1085 (9th Cir. 2021).

4. **Commercial Exploitation of Likeness:** Plaintiff further asserts a claim for appropriation of name and likeness, arising not from third-party speech but from Tea's own use of Plaintiff's identity to drive engagement and commercial gain. Such claims fall outside the intended scope of Section 230. *Pallas v. Crowley, Milner & Co.*, 322 Mich. 411 (1948); *Battaglieri v. Mackinac Ctr. for Pub. Policy*, 261 Mich. App. 296 (2004).

5. **Access to Justice in Michigan:** Michigan courts have long recognized access to justice in defamation suits as a fundamental right, balancing First Amendment concerns with the state's strong interest in protecting reputation. *Smith v. Anonymous Joint Enterprise*, 487 Mich. 102 (2010); *Ghanam v. John Does*, 303 Mich. App. 522 (2014). To apply Section 230 so broadly as to extinguish Plaintiff's claims would effectively deny that access and leave Michigan residents without remedy for serious reputational injury.

6. **Federalism and Constitutional Avoidance:** A blanket application of Section 230 to bar all state-law defamation and privacy claims would in practice repeal Michigan defamation law, undermining the State's sovereign interest in protecting its citizens from reputational and privacy harms. Courts are obliged to interpret statutes narrowly to avoid constitutional conflicts and preserve the balance between federal immunity provisions and state tort remedies.

Accordingly, Plaintiff respectfully submits that Section 230 does not categorically immunize Tea from liability in this matter, and that dismissal at this stage would be inconsistent with both binding precedent and the interests of justice.

### *Prayer for Relief*

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Award compensatory, exemplary, and **punitive damages** in an amount to be determined at trial, including damages for reputational harm, humiliation, emotional distress, and business injury, with punitive damages warranted due to the malice and reckless disregard demonstrated by Defendants;

b. Award presumed damages for defamation per se;

c. Enter injunctive relief requiring removal of the defamatory content and prohibiting republication;

d. Enter equitable relief directing Defendant Tea Dating Advice, Inc. to **preserve all relevant records, data, logs, account information, metadata, posts, comments, images, and internal moderation records** relating to the defamatory content, the Doe defendants, and any moderation activities, and to suspend any routine deletion, overwriting, or modification of such records pending final resolution of this action;

e. Grant early discovery to identify Doe defendants via subpoena to Tea;

f. Require Tea to provide written confirmation of its litigation hold to Plaintiff within 14 days of service of this Complaint, ensuring preservation of evidence;

g. Award attorneys' fees and costs as permitted by law; and

h. Grant all other relief this Court deems just and proper.

### *Jury Demand*

Plaintiff demands trial by jury on all issues so triable.

**Respectfully submitted**,

Dated: **26 August 2025**

Antonio Lavon Manning
Appearing in *Propria Persona*
26200 Ford Road, # 753
Dearborn Heights, Michigan 48127
consultingsmarter@gmail.com | 517-512-1624

## STATE OF MICHIGAN

### IN THE 3rd JUDICIAL CIRCUIT COURT FOR THE COUNTY OF WAYNE

**Antonio Lavon MANNING,**

        Plaintiff,

v.

**TEA DATING ADVICE, INC. d/b/a TEA,
JOHN/JANE DOES 1–20,** individuals,

        Defendants.

_____/

Case Number: 25-_____-**CZ**

The Honorable_____

**PROOF OF SERVICE**

---

### PROOF OF SERVICE

I **ANTONIO LAVON MANNING** affirm that on _____ I mailed by way of United States Postal Service, First Class and Certified with return receipt requested this:

- **SUMMONS & COMPLAINT**
- **PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT EARLY DISCOVERY TO IDENTIFY DOE DEFENDANTS**
- **PROPOSED ORDER OF MOTION**

from the 3rd Judicial Circuit Court for the County of Wayne.

_____

Antonio Lavon Manning
Plaintiff in Propria Persona

**STATE OF MICHIGAN**

**IN THE 3rd JUDICIAL CIRCUIT COURT FOR THE COUNTY OF WAYNE**

**Antonio Lavon MANNING,**

              Plaintiff,

v.

**TEA DATING ADVICE, INC. d/b/a TEA,
JOHN/JANE DOES 1–20,** individuals,

              Defendants.

Case Number:  **25-013290-CZ**

Honorable **Edward J. Joseph**

**PRAECIPE**

_____/

## PRAECIPE FOR MOTION HEARING

**Moving Party:** Plaintiff

**Motion Title:** *Plaintiff's Motion for Early Discovery* (filed separately)

**Relief Sought:** Leave to conduct limited early discovery prior to the scheduling order/close of discovery.

**Hearing Date & Time Requested: Thursday, October 23, 2025, at 9:00 a.m.,** or as soon thereafter as the matter may be heard (subject to the Court's availability).

**Hearing Location/Format:** Remote via Zoom pursuant to Court protocol. To join: go to **www.3rdcc.org/zoom/civil** and click the green icon next to **Judge Joseph; Alternate Zoom Meeting ID: 881 484 9824.**

**Estimated Time Needed:** 10 minutes.

**Oral Argument:** Not Requested.

Respectfully submitted,

_____

Antonio Lavon Manning
Appearing in *Propria Persona*
26200 Ford Road, # 753
Dearborn Heights, Michigan 48127
consultingsmarter@gmail.com | 517-512-1624

Dated: **September 4, 2025**

25-013290-CZ FILED IN MY OFFICE    Cathy M. Garrett    WAYNE COUNTY CLERK    9/10/2025 2:03 PM    Jacquetta Parkinson

## STATE OF MICHIGAN

## IN THE 3rd JUDICIAL CIRCUIT COURT FOR THE COUNTY OF WAYNE

**Antonio Lavon MANNING,**

        Plaintiff,

v.

**TEA DATING ADVICE, INC. d/b/a TEA,
JOHN/JANE DOES 1–20,** individuals,

        Defendants.

_____/

Case Number: **25-013290-CZ**

**Honorable Edward J. Joseph**

**PLAINTIFF'S MOTION FOR LEAVE TO
CONDUCT EARLY DISCOVERY TO
IDENTIFY DOE DEFENDANTS**

### PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT EARLY DISCOVERY TO IDENTIFY DOE DEFENDANTS

#### _Introduction_

Plaintiff ANTONIO LAVON MANNING, appearing before this Honorable Court in Propria Persona, brings this motion seeking leave to conduct limited early discovery for the sole purpose of identifying the anonymous "John/Jane Doe" defendants who published defamatory and false statements about Plaintiff on the Tea mobile application. Without court intervention, Plaintiff will be unable to serve or pursue claims against those individuals.

As further set forth in Plaintiff's Complaint and Prayer for Relief, Plaintiff has also requested equitable relief requiring Defendant Tea Dating Advice, Inc. ("Tea") to preserve all records, data, logs, account information, and metadata relevant to this matter. This Motion for Early Discovery is brought in conjunction with that preservation demand to ensure that evidence is secured and the Doe defendants can be properly identified.

#### **Factual Background**

1. Plaintiff filed a Complaint alleging defamation per se, false light, invasion of privacy, appropriation of likeness, and related claims against Does 1–20 arising from posts on the Tea app falsely stating that Plaintiff has an STI, is a "sex offender predator," and is "DL."

2. These statements are false, defamatory per se, and highly damaging to Plaintiff's reputation, community standing, and business.

3. Plaintiff has no means of identifying the Doe defendants absent discovery from Tea, which maintains registration data, IP addresses, account information, device identifiers, and moderation records necessary to identify the posters.

4. Plaintiff has already demanded removal and preservation of the content at issue, but Tea has failed or refused to confirm compliance. A preservation demand is also included in Plaintiff's Complaint.

5. Immediate discovery, along with a preservation obligation, is necessary to prevent loss of critical evidence through routine deletion or intentional spoliation.

## Legal Standard

6. Michigan courts recognize the need to balance the First Amendment right to anonymous speech with a plaintiff's right to pursue a meritorious defamation claim.

7. In *Ghanam v. John Does*, 303 Mich. App. 522 (2014), and *Thomas M. Cooley Law Sch. v. Doe 1*, 300 Mich. App. 245 (2013), Michigan appellate courts adopted standards requiring plaintiffs to make a prima facie showing of defamation before ordering disclosure.

8. Under this standard, a plaintiff must:

    a. Identify the exact statements at issue;

    b. Establish that the statements are defamatory on their face or by context;

    c. Present evidence of falsity and harm;

    d. Demonstrate that the need for disclosure outweighs any First Amendment right to anonymity.

9. Plaintiff's Complaint meets these standards:

    a. The STI allegation is a false statement of fact, actionable per se as imputing a loathsome disease (*Burden v. Elias Bros.*, 240 Mich. App. 723 (2000)).

    b. The "predator sex offender" label is misleading and places Plaintiff in a false light beyond the technical truth of registry status (*Early Detection Ctr. v. N.Y. Life Ins. Co.*, 157 Mich. App. 618 (1986)).

    c. The "DL" allegation is a false and stigmatizing characterization that injures Plaintiff's church, community, and professional standing.

    d. Plaintiff has alleged reputational harm, emotional distress, and business injury.

### Requested Relief

WHEREFORE, Plaintiff respectfully requests that this Court:

A.   Grant leave for Plaintiff to serve a subpoena on Tea Dating Advice, Inc. seeking documents sufficient to identify Does 1–20, including:

    1. Account registration information;

    2. Email addresses;

    3. IP addresses and login records;

    4. Device identifiers;

    5. Any content moderation notes related to the posts at issue;

B. Confirm Tea's obligation, consistent with Plaintiff's Complaint, to **preserve all relevant records, data, logs, account information, metadata, posts, comments, images, and moderation history** relating to Plaintiff and the Doe defendants, and to suspend any routine deletion or overwriting of such information pending final resolution of this matter;

C. Permit Plaintiff to use such information solely for purposes of amending the Complaint and serving the Doe defendants;

D. Grant such further relief as the Court deems just and proper.

### *Proposed Order*

A proposed Order granting this Motion is submitted concurrently.

**Respectfully submitted**,

Antonio Lavon Manning
Appearing in *Propria Persona*                    Dated: **September 4, 2025**
26200 Ford Road, # 753
Dearborn Heights, Michigan 48127
consultingsmarter@gmail.com | 517-512-1624

**STATE OF MICHIGAN**

**IN THE 3rd JUDICIAL CIRCUIT COURT FOR THE COUNTY OF WAYNE**

**Antonio Lavon MANNING,**

        Plaintiff,

**TEA DATING ADVICE, INC. d/b/a TEA, JOHN/JANE DOES 1–20,** individuals,

        Defendants.

_____/

Case Number: **25-013290-CZ**

**Honorable Edward J. Joseph**

**PROPOSED ORDER GRANTING PLAINTIFF'S MOTION FOR EARLY DISCOVERY**

**PROPOSED ORDER GRANTING PLAINTIFF'S MOTION FOR EARLY DISCOVERY**

At a session of said Court, held in the County of **WAYNE**, State of **MICHIGAN**, on this ___ day of _____, 2025.

PRESENT: **Honorable Edward J. Joseph**
Circuit Judge

**ORDER**

Upon consideration of Plaintiff's Motion for Early Discovery, and the Court being fully advised in the premises,

**IT IS HEREBY ORDERED** that:

1. Plaintiff is granted leave to serve a subpoena on **Tea Dating Advice, Inc.** ("Tea") for the limited purpose of obtaining information sufficient to identify the anonymous defendants ("Does 1–20") who published the statements alleged in the Complaint.

2. The subpoena may request:

    a. Account registration information (including information used to verify user identity);

    b. Email addresses;

    c. IP addresses and login records;

d. Device identifiers;

e. Any content-moderation notes related specifically to the posts concerning Plaintiff.

3. Tea is further ORDERED to **preserve all relevant records, data, logs, account information, metadata, posts, comments, images, and moderation history** relating to the allegations in Plaintiff's Complaint and the Doe defendants, including any hidden, deleted, or archived content.

4. Tea shall **suspend any routine deletion, overwriting, or modification processes** that might destroy such evidence until further Order of this Court.

5. Tea shall provide **written confirmation to Plaintiff within 14 days** of service of this Order that a litigation hold has been implemented and that the above evidence is being preserved.

6. Information produced pursuant to this Order shall be used solely for the purpose of amending the Complaint and effectuating service of process.

7. Nothing in this Order shall preclude Tea from raising valid objections or moving to quash the subpoena in accordance with applicable law.

**IT IS SO ORDERED.**

_____
Honorable Edward J. Joseph
Circuit Court Judge

**Prepared By:**

Antonio Lavon Manning
Plaintiff in *Propria Persona*
26200 Ford Road, # 753
Dearborn Heights, Michigan 48127

**STATE OF MICHIGAN**

**IN THE 3rd JUDICIAL CIRCUIT COURT FOR THE COUNTY OF WAYNE**

Antonio Lavon **MANNING,**

          Plaintiff,

v.

**TEA DATING ADVICE, INC. d/b/a TEA, JOHN/JANE DOES 1–20,** individuals,

          Defendants.

_____/

Case Number: **25-013290-CZ**

**Honorable Edward J. Joseph**

**EXHIBIT A: PROPOSED SUBPOENA DUCES TECUM**

**SUBPOENA DUCES TECUM**

TO: Custodian of Records
**Tea Dating Advice, Inc. ("Tea)**
**Principal & Mailing Address (Headquarters):** 201 Spear St, Ste 1100, San Francisco, CA 94105

Registered Agent for Service of Process:
**Legalinc Registered Agents, Inc.**
500 N. Brand Blvd, Suite 890, Glendale, CA 91203

Via Email: **accounthelp@teaforwomen.com** | **support@teatheapp.com** | **press@teatheapp.com** |
      **contact@teaforwomen.com**

**YOU ARE COMMANDED to produce the following documents and electronically stored information in your possession, custody, or control:**

1. **Identifying information** for the Tea user accounts that published statements concerning Plaintiff **ANTONIO L MANNING,** including but not limited to:

   o   Names, usernames, profile handles, and account IDs;

   o   Email addresses;

   o   Phone numbers provided at registration;

   o   Dates and times of account creation.

2. **Login and technical information** associated with the accounts identified above, including:

   o   IP addresses and timestamps for all logins, posts, and edits relating to Plaintiff;

   o   Device identifiers (IMEI, MAC address, or similar unique hardware identifiers);

   o   Geolocation data associated with relevant logins, if available.

3. **Posts and content** (including text, images, metadata, and moderation history) referring to Plaintiff, including any removed, hidden, or archived content.

4. **Internal moderation records** relating to those posts, including reports, takedown requests, and actions taken (or not taken).

5.

## PRODUCTION INSTRUCTIONS

- Production shall be made **within 21 days of service** of this subpoena, at:

Antonio L Manning, MPA, BA, RP
Plaintiff in Propria Persona
26200 Ford Road, # 753
Deaborn Heights, Michigan 48127

- Documents may be produced electronically in native format (with metadata intact) to: consultingsmarter@gmail.com with subject line to include case number and label of "Subpoena Response"

- This subpoena is issued pursuant to **MCR 2.305**, and production shall comply with that rule.

## NOTICE

Failure to comply with this subpoena without adequate excuse may subject you to punishment for contempt of court.

Issued this ___ day of _____, 2025.

_____

Antonio L. Manning
Plaintiff in *Propria Persona*
26200 Ford Road, # 753
Dearborn Heights, Michigan 48127
consultingsmarter@gmail.com | (517)-512-1624

**STATE OF MICHIGAN**

**IN THE 3rd JUDICIAL CIRCUIT COURT FOR THE COUNTY OF WAYNE**

**Antonio Lavon MANNING,**

        Plaintiff,

v.

**TEA DATING ADVICE, INC. d/b/a TEA,**
**JOHN/JANE DOES 1–20,** individuals,

        Defendants.

_____/

Case Number: <u>**25- 013290-CZ**</u>

<u>**Honorable Edward J. Joseph**</u>

**PROOF OF SERVICE**

<u>**PROOF OF SERVICE**</u>

I <u>**ANTONIO LAVON MANNING**</u> affirm that on <u>**September 4, 2025**</u> I mailed by way of United States Postal Service, First Class and Certified with return receipt requested the following documents:

- **PRAECIPE**

- **PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT EARLY DISCOVERY TO IDENTIFY DOE DEFENDANTS**

- **PLAINTIFF'S PROPOSED ORDER FOR MOTION FOR LEAVE TO CONDUCT EARLY DISCOVERY TO IDENTIFY DOE DEFNEDANTS**

- **PROPOSED SUBPOENA DUCES TECUM**

filed with this Honorable Court to the Defendant at the following address:

        **Tea Dating Advice, Inc. d/b/a "TEA"**
        **C/o: Legalinc Registered Agents**
        **500 N. Brand Boulevard, # 890**
        **Glendale, California 91203**

Under penalty of perjury and to the best of my knowledge, information, and belief,

Respectfully,

_____

Antonio Lavon Manning
Plaintiff in Propria Persona