UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**FILED**
SEP 26 2025
CLERK'S OFFICE
DETROIT

ANTONIO LAVON MANNING,

    Plaintiff,

v.

TEA DATING ADVICE, INC. d b a
TEA, JOHN JANE DOES 1-20,
individuals,

Case Number: 25-cv-13037

Honorable _____

Magistrate Judge _____

NOTICE OF PLAINTIFF'S MOTION TO
REMAND OR, IN THE ALTERNATIVE,
TO HOLD IN ABEYANCE

## NOTICE OF PLAINTIFF'S MOTION TO REMAND OR, IN THE ALTERNATIVE TO HOLD IN ABEYANCE

May it please this Honorable Court, **PLEASE TAKE NOTICE** that Plaintiff, Antonio Lavon Manning, appearing before this court in *propria persona* has filed a Motion to Remand this action to the Circuit Court for Wayne County, Michigan, pursuant to 28 U.S.C. § 1447(c). In the alternative, Plaintiff requests that this Court hold removal in abeyance pending the identification of the Doe Defendants through Plaintiff's pending state court discovery motion.

The motion is supported by Plaintiff's Brief in Support, Declaration, and Proposed Order, filed contemporaneously herewith.

Respectfully submitted,

Dated: **September 26th, 2025**

_/s/ signature_
Antonio Lavon Manning
Plaintiff, in *Propria Persona*
26200 Ford Road, #753
Dearborn Heights, MI 48127

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTONIO LAVON MANNING,

        Plaintiff,

v.

TEA DATING ADVICE, INC. d/b/a
TEA, JOHN/JANE DOES 1-20,
individuals,

Case Number: 25-cv-13037

Honorable _____

Magistrate Judge _____

PLAINTIFF'S MOTION TO REMAND OR,
IN THE ALTERNATIVE, TO HOLD IN
ABEYANCE

## PLAINTIFF'S MOTION TO REMAND OR, IN THE ALTERNATIVE TO HOLD IN ABEYANCE

    Plaintiff Antonio Lavon Manning, appearing propria persona, respectfully moves this Court for an Order remanding this action to the Circuit Court for Wayne County, Michigan pursuant to 28 U.S.C. § 1447(c). In the alternative, Plaintiff requests that the Court hold Defendant's removal in abeyance pending resolution of Plaintiff's motion for early discovery filed in state court, which seeks to identify the Doe Defendants.

    The grounds for this Motion are set forth in the accompanying Brief in Support, which is incorporated by reference.

Respectfully submitted,

Dated: **September 26th, 2025**

_[signature]_

Antonio Lavon Manning
Plaintiff, in *Propria Persona*
26200 Ford Road, #753
Dearborn Heights, MI 48127
consultingsmart.cs@gmail.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTONIO LAVON MANNING,

    Plaintiff,

v.

TEA DATING ADVICE, INC. d/b/a
TEA, JOHN JANE DOES 1-20,
individuals,

Case Number: 25-cv-13037

Honorable

Magistrate Judge

PLAINTIFF'S BRIEF IN SUPPORT OF
MOTION TO REMAND OR HOLD
REMOVAL IN ABEYANCE

## PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO REMAND OR HOLD REMOVAL IN ABEYANCE

### Table of Contents

I. Introduction ................................................................

II. Legal Standard ............................................................

III. Argument ..................................................................

    A. The Doe Defendants Are Material and Destroy Diversity .............

    B. Federal Jurisdiction Cannot Be Based on Speculation ................

    C. The Interest of Justice Dictates Remand or Abeyance ................

IV. Conclusion ................................................................

V. Request for Expedited Consideration ...................................

### Table of Authorities

**Cases**

Page 4

    *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)

    *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999)

    *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006)

**Page 5**

> *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 948 (6th Cir. 1994)
>
> *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 829 (6th Cir. 2006)
>
> *Gafford v. General Electric Co.*, 997 F.2d 150, 158 (6th Cir. 1993)
>
> *Kovacs v. Chesley*, 406 F.3d 393, 397 (6th Cir. 2005)
>
> *Armstrong v. Shirvell*, 596 F. App'x 433, 438 (6th Cir. 2015)

**Page 6**

> *Farmers Ins. Grp. v. Hughes*, 2007 WL 772656, at *2 (E.D. Ky. Mar. 12, 2007)
>
> *Johnson v. General Motors Corp.*, 242 F. Supp. 778, 780 (E.D. Ky. 1965)
>
> *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1252 (6th Cir. 1996)
>
> *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000)
>
> *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005)
>
> *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941) (second reference)

**Page 8**

> *Clinton v. Jones*, 520 U.S. 681, 706 (1997)
>
> *In re United States*, 503 F.3d 638, 641 (7th Cir. 2007)
>
> *Elrod v. Burns*, 427 U.S. 347, 373 (1976)

**Statutes**

**Page 4**

> 28 U.S.C. § 1447(c) (remand authority)

**Page 5**

> 28 U.S.C. § 1332 (diversity jurisdiction)
>
> 28 U.S.C. § 1441(b)(1) (fictitious defendants disregarded)
>
> 28 U.S.C. § 1446 (procedure for removal)

**Page 6**

    28 U.S.C. § 1441 (general removal statute, broader discussion)

    28 U.S.C. § 1446 (continued discussion)

**Page 8**

    28 U.S.C. § 1746 (unsworn declarations under penalty of perjury)

**Local Rules**

E.D. Mich. LR 7.1(e)(2) .................................................................................. 8

## I. INTRODUCTION

Defendant Tea Dating Advice, Inc. ("Tea") has prematurely removed this case from Wayne County Circuit Court based on diversity jurisdiction. Plaintiff's Complaint, however, names twenty John/Jane Doe Defendants, alleged to be Tea users who published defamatory statements from within Michigan. Their identities and citizenship are material to whether this Court may properly exercise jurisdiction.

Until those defendants are identified, federal jurisdiction remains speculative at best. Because removal statutes are strictly construed and all doubts resolved in favor of remand, this Court should remand. Alternatively, the Court should hold removal in abeyance pending identification of the Doe Defendants through Plaintiff's pending early discovery motion.

## II. LEGAL STANDARD

Removal statutes are strictly construed against removal, and any doubts must be resolved in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). The removing party bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). "All doubts as to the propriety of removal are resolved in favor of remand." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006).

## III. ARGUMENT

### A. The Doe Defendants Are Material and Destroy Diversity

Although 28 U.S.C. § 1441(b)(1) provides that fictitious defendants are ordinarily disregarded, courts in the Sixth Circuit recognize exceptions where plaintiffs allege that fictitious defendants are real persons likely to be citizens of the forum state. See *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 948 (6th Cir. 1994).

Here, Plaintiff alleges that the Doe Defendants are Tea users within Michigan who made defamatory statements accessible to Michigan residents. These are not "placeholders"; they are identifiable individuals within the state. Their eventual inclusion will destroy complete diversity. See *Farmers Ins. Grp. v. Hughes*, 2007 WL 772656 (E.D. Ky. Mar. 12, 2007); *Johnson v. General Motors Corp.*, 242 F. Supp. 778, 780 (E.D. Ky. 1965).

### B. Federal Jurisdiction Cannot Be Based on Speculation

Federal jurisdiction requires certainty, not conjecture. *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1252 (6th Cir. 1996). Until the Doe Defendants are identified, diversity remains uncertain. Defendant's reliance on speculative damages and ignoring Doe citizenship is insufficient.

### C. The Interest of Justice Dictates Remand or Abeyance

Courts retain discretion to remand where jurisdiction is doubtful. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000). The "interest of justice" requires that local controversies involving local actors be decided in local courts. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005).

Plaintiff has already sought early discovery in Wayne County Circuit Court to unmask the Doe Defendants. Holding removal in abeyance until those identities are confirmed ensures fairness, avoids prejudice, and prevents federal jurisdiction from being assumed on incomplete facts.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court:

1. Remand this case to the Wayne County Circuit Court; or

2. In the alternative, hold removal in abeyance until Doe Defendants are identified through state court early discovery.

## V. REQUEST FOR EXPEDITED CONSIDERATION

Plaintiff respectfully requests that the Court expedite consideration of this Motion. The defamatory posts at issue have caused ongoing reputational harm and, critically, have triggered **real-world threats** against Plaintiff. Every day this case lingers unresolved prolongs both the reputational injury and the risk to Plaintiff's safety.

Federal courts have recognized that trial courts possess **broad discretion to control the timing and course of litigation** in the interest of justice. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *In re United States*, 503 F.3d 638, 641 (7th Cir. 2007). When delay causes ongoing harm, courts may accelerate proceedings to prevent prejudice.

Moreover, reputational and constitutional injuries are often considered **irreparable harm**, even if temporary. *Elrod v. Burns*, 427 U.S. 347, 373 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."). Likewise, when defamatory speech results in credible safety threats, the public interest weighs heavily in favor of swift judicial intervention.

Accordingly, Plaintiff respectfully requests that this Court shorten the briefing schedule under Local Rule 7.1(e)(2), require Defendant's response within 7 days, permit reply within 3 days thereafter, and issue a prompt ruling on remand or abeyance.

**Respectfully submitted,**

Date: **26 September 2025**

*[signature]*

Antonio Lavon Manning
Plaintiff, in *Propria Persona*
26200 Ford Road, #753
Dearborn Heights, MI 48127

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTONIO LAVON MANNING,

    Plaintiff,

v.

TEA DATING ADVICE, INC. d/b/a
TEA, JOHN JANE DOES 1-20,
individuals,

Case Number: 25-cv-13037

Honorable _____

Magistrate Judge _____

INDEX OF EXHIBITS

## INDEX OF EXHIBITS

Exhibit A – Declaration

Exhibit B – Proposed Order (Remand/Abeyance + expedited schedule)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTONIO LAVON MANNING,

    Plaintiff,

v.

TEA DATING ADVICE, INC. d/b/a
TEA, JOHN JANE DOES 1-20,
individuals,

Case Number: 25-cv-13037

Honorable _____
Magistrate Judge _____

Exhibit A: DECLARATION

## DECLARATION

**DECLARATION OF ANTONIO LAVON MANNING**

I, Antonio Lavon Manning, declare as follows:

1. I am the Plaintiff in the above-captioned matter. I make this Declaration in support of my Motion to Remand or, in the Alternative, to Hold Removal in Abeyance.

2. I filed this action in Wayne County Circuit Court on August 26, 2025, naming Tea Dating Advice, Inc. ("Tea") and twenty (20) John/Jane Doe Defendants.

3. The Doe Defendants are not fictitious placeholders. They are actual Tea users who published defamatory statements about me on Tea's application and platform.

4. Based on my personal knowledge, the defamatory statements were directed at me in Michigan, circulated among Michigan residents, and were accessible to individuals in my personal and professional community in Michigan.

5. I believe, and have reason to allege, that at least some of the Doe Defendants are Michigan citizens because:

    a. The defamatory posts referred to details specific to my local professional and community

activities in Wayne County, Michigan.

b. The timing and content of the posts suggest they were authored by persons with knowledge of my personal and community presence in Michigan.

c. I have been informed by individuals within my Michigan community that they viewed the posts on Tea, further confirming the local origin and impact.

6. I filed a motion for early discovery in Wayne County Circuit Court to obtain identifying information for the Doe Defendants. That motion remains pending.

7. Until those Doe Defendants are identified, the citizenship of all parties cannot be confirmed. Complete diversity is therefore uncertain at this time.

8. I respectfully request that this Court remand this case to Wayne County Circuit Court or, in the alternative, hold removal in abeyance until the Doe Defendants are identified.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**Executed on 26th of September, 2025**

Antonio Lavon Manning
Plaintiff, in *Propria Persona*
26200 Ford Road, #753
Dearborn Heights, MI 48127
consultingsmarter@gmail.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTONIO LAVON MANNING,

        Plaintiff,

v.

TEA DATING ADVICE, INC. d/b/a
TEA, JOHN/JANE DOES 1-20,
individuals,

Case Number: 25-cv-13037

Honorable _____
Magistrate Judge _____

**Exhibit B: PROPOSED ORDER**

## PROPOSED ORDER
### ORDER ON PLAINTIFF'S MOTION TO REMAND OR HOLD REMOVAL IN ABEYANCE

Upon consideration of Plaintiff's Motion to Remand or, in the Alternative, to Hold Removal in Abeyance, and Plaintiff's request for expedited consideration, and the Court being otherwise fully advised in the premises,

IT IS HEREBY ORDERED that:

1. Plaintiff's Motion is **GRANTED**. This case is REMANDED to the Wayne County Circuit Court.

**OR, IN THE ALTERNATIVE:**

1. Removal of this matter is held in **ABEYANCE** pending resolution of Plaintiff's pending motion for early discovery in Wayne County Circuit Court to identify the Doe Defendants.

2. In the interest of justice and to prevent ongoing harm, the Court sets the following **expedited briefing schedule** pursuant to Local Rule 7.1(e)(2):

  ○ Defendant's response to Plaintiff's Motion shall be filed **within 7 days** of this Order;

  ○ Plaintiff's reply shall be filed **within 3 days** thereafter.

3. The Court will issue a prompt ruling upon completion of briefing.

**SO ORDERED.**

Dated: _____, 2025


Hon. _____
United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ANTONIO LAVON MANNING, | Case Number: 25-cv-13037 |
| Plaintiff, | Honorable_____ |
| | Magistrate Judge_____ |
| v. | |
| TEA DATING ADVICE, INC. d/b/a TEA, JOHN JANE DOES 1-20, individuals. | **Exhibit B: PROPOSED ORDER** |

**PROPOSED ORDER**
**ORDER ON PLAINTIFF'S MOTION TO REMAND OR HOLD REMOVAL IN ABEYANCE**

Upon consideration of Plaintiff's Motion to Remand or, in the Alternative, to Hold Removal in Abeyance, and Plaintiff's request for expedited consideration, and the Court being otherwise fully advised in the premises.

IT IS HEREBY ORDERED that:

1. Plaintiff's Motion is **GRANTED**. This case is REMANDED to the Wayne County Circuit Court.

**OR, IN THE ALTERNATIVE:**

1. Removal of this matter is held in **ABEYANCE** pending resolution of Plaintiff's pending motion for early discovery in Wayne County Circuit Court to identify the Doe Defendants.

2. In the interest of justice and to prevent ongoing harm, the Court sets the following **expedited briefing schedule** pursuant to Local Rule 7.1(e)(2):

- Defendant's response to Plaintiff's Motion shall be filed **within 7 days** of this Order;

- Plaintiff's reply shall be filed **within 3 days** thereafter.

3. The Court will issue a prompt ruling upon completion of briefing.

**SO ORDERED.**

Dated: _____, 2025


Hon. _____
United States District Judge