## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ANTONIO LAVON MANNING,

       Plaintiff,

v.

TEA DATING ADVICE, INC. d/b/a
TEA, JOHN/JANE DOES 1-20,
individuals,

       Defendants.

Case No. 25-cv-13037

Hon. Brandy R. McMillion
Magistrate Judge Anthony P. Patti

Removed from Wayne County Circuit
Court
Case No. 25-013290-CZ
Hon. Edward J. Joseph

---

## DEFENDANT TEA DATING ADVICE, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Tea Dating Advice, Inc. ("Tea"), by its undersigned counsel, hereby moves the Court to dismiss this action, pursuant to Section 230 of the Communications Decency Act, Federal Rule of Civil Procedure 12(b)(6), and Federal Rule of Civil Procedure 9(b).  As required by Local Rule 7.1(a), Tea sought concurrence with Plaintiff via email on September 30, 2025 at approximately 2:50 pm. Tea's counsel explained to Plaintiff the nature of the motion, its legal basis and requested a conference with Plaintiff. In response, Plaintiff informed Tea that he does not concur in its relief sought. Accordingly, Tea files the current Motion and accompanying Brief in Support.

WHEREFORE, in view of the foregoing, and based on the authorities set forth in the incorporated Brief in Support of the Motion, Tea respectfully asks the Court to grant this Motion to Dismiss.

Respectfully submitted,

Dated: October 2, 2025

/s/ Katherine L. Pullen
Katherine L. Pullen (P74511)
Amber J. Krupp (P88317)
WARNER NORCROSS + JUDD LLP
2715 Woodward Avenue, Suite 300
Detroit, Michigan 48201
(313) 546-6000
kpullen@wnj.com
akrupp@wnj.com

/s/ Admission to be sought for:
Bethany G. Lukitsch
Baker & Hostetler LLP
1900 Avenue of the Stars
Suite 2700
Los Angeles, CA  90067-4301
310.442.8856
blukitsch@bakerlaw.com

Cameron S Friedman
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY  10111
212.589.4667
cfriedman@bakerlaw.com

135889.000003\4918-1735-6911.2

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ANTONIO LAVON MANNING,

   Plaintiff,

v.

TEA DATING ADVICE, INC. d/b/a
TEA, JOHN/JANE DOES 1-20,
individuals,

   Defendants.

Case No. 25-cv-13037

Hon. Brandy R. McMillion
Magistrate Judge Anthony P. Patti

Removed from Wayne County Circuit
Court
Case No. 25-013290-CZ
Hon. Edward J. Joseph

---

## BRIEF IN SUPPORT OF DEFENDANT TEA DATING ADVICE, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

## STATEMENT OF THE ISSUES PRESENTED

I.     Whether the federal immunity for online publishers created by Section 230 of the Communications Decency Act, 47 U.S.C. § 230 ("Section 230"), bars Plaintiff Antonio Lavon Manning ("Plaintiff")'s claims against Defendant Tea Dating Advice, Inc. ("Tea") because Tea is an interactive computer service provider and Plaintiff's claims all arise from third-party content posted on Tea's website.

II.     Whether Plaintiff's claims for negligent misrepresentation and false advertising under the Michigan Consumer Protection Act ("MCPA") against Tea should be dismissed with prejudice pursuant to Fed. R. Civ. P. 9(b) because Plaintiff fails to satisfy the required heightened pleading standard applicable to those claims.

III.     Whether Plaintiff's claim for negligent misrepresentation against Tea under the MCPA should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff cannot adequately allege that he justifiably relied to his detriment on information prepared without reasonable care and because Tea did not owe him a duty of care.

IV.     Whether Plaintiff's claim for false advertising against Tea under the MCPA should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6)

i

because Plaintiff does not have a relationship with Tea, fails to allege conduct covered by the MCPA, and fails to allege any of the required elements of fraud.

V.     Whether Plaintiff's claim for misappropriation of name and likeness against Tea should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff's name does not have commercial value, and Tea did not seek to commercially exploit it.

135889.000003\4918-1735-6911.2

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITIES</u>

- 47 U.S.C. § 230

- *Binion v. O'Neal*, No. 14-13454, 2015 WL 3544518 (E.D. Mich. Apr. 2, 2015)

- *Jones v. Dirty World Ent. Recordings, LLC*, 755 F.3d 398 (6th Cir. 2014)

- *Klayman v. Zuckerberg*, 753 F.3d 1354 (D.C. Cir. 2014)

- *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250 (4th Cir. 2009)

- *O'Kroley v. Fastcase, Inc.*, 831 F.3d 352 (6th Cir. 2016)

- *Richter v. Seterus, Inc.*, No. 15-CV-12874, 2016 WL 8200520 (E.D. Mich. May 16, 2016)

- *Rosipko v. FCA US, LLC*, No. 15-11030, 2015 WL 8007649 (E.D. Mich. Dec. 7, 2015)

- *State Farm Mut. Auto. Ins. Co. v. Max Rehab Physical Therapy LLC*, No. CV 18-13257, 2019 WL 6481719 (E.D. Mich. Dec. 2, 2019)

- *Zeran v. Am. Online, Inc*., 129 F.3d 327 (4th Cir. 1997)

135889.000003\4918-1735-6911.2

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Armstrong v. Eagle Rock Ent., Inc.*,
  655 F. Supp. 2d 779, 785 (E.D. Mich. 2009) ................................................. 18, 19

*Arnold v. Treadwell,*
  No. 283093, 2009 WL 2136909, at *4 (Mich. Ct. App. July 16, 2009) .............19

*Ashcroft v. Iqbal*,
  556 U.S. 662, 678 (2009) ..............................................................................11, 12

*Barclae v. Zarb*,
  834 N.W.2d 100, 116 (Mich. Ct. App. 2013).....................................................14

*Barnes v. Yahoo!, Inc.*,
  570 F.3d 1096, 1101–02 (9th Cir. 2009)..........................................................8, 9

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544, 569 n.14 (2007) ..........................................................................12

*Binion v. O'Neal*,
  No. 14-13454, 2015 WL 3544518, at *4 (E.D. Mich. Apr. 2, 2015)..................19

*Charisma Hudson, et al. v. Datanyze, LLC*,
  702 F. Supp. 3d 628, 632 (N.D. Ohio 2023) ......................................................20

*D'Ambrosio v. Marino*,
  747 F.3d 378, 383 (6th Cir. 2014)......................................................................12

*Doe v. Grindr Inc.*,
  128 F.4th 1148, 1151 (9th Cir. 2025)...................................................................5

*Dugan v. Vlcko*,
  307 F. Supp. 3d 684, 700 (E.D. Mich. 2018) ......................................................15

*Fair Hous. Council of San Fernando Valley v. Roommates.Com, LLC,*
  521 F.3d 1157, 1174 (9th Cir. 2008).........................................................5, 10, 11

iv

*Frank v. Dana,*
   547 F.3d 564, 570 (6th Cir. 2008) ................................................................. 12, 13

*FTC v. LeadClick Media, LLC,*
   838 F.3d 158, 174 (2nd Cir. 2016)...................................................................6

*Grifo & Co., PLLC v. Cloud X Partners Holdings, LLC,*
   485 F. Supp. 3d 885, 895 (E.D. Mich. 2020) ........................................................15

*Henderson v. Source for Pub. Data, L.P.,*
   53 F.4th 110, 120 n.10 (4th Cir. 2022) ..............................................................6

*Herrick v. Grindr LLC,*
   765 F. App'x 586, 589–90 (2d Cir. 2019)............................................................6

*Hill v. Bayer Corp.,*
   485 F. Supp. 3d 843, 856 (E.D. Mich. 2020) .......................................................15

*Home Owners Ins. Co. v. ADT LLC,*
   109 F. Supp. 3d 1000, 1008–09 (E.D. Mich. 2015) ...............................................17

*Hudson v. Datanyze, LLC,*
   No. 23-3998, 2025 WL 80806 (6th Cir. Jan. 13, 2025) ......................................20

*Indiana State Dist. Council of Laborers & Hod Carriers Pension & Welfare Fund*
   *v. Omnicare, Inc.,*
   583 F.3d 935, 942–43 (6th Cir. 2009) ................................................................12

*Jones v. Dirty World Ent. Recordings, LLC,*
   755 F.3d 398, 406 (6th Cir. 2014)............................................4, 5, 6, 7, 9, 10, 11

*Kerrigan v. ViSalus, Inc.,*
   112 F. Supp. 3d 580, 612 (E.D. Mich. 2015)........................................................16

*Klayman v. Zuckerberg,*
   753 F.3d 1354, 1359 (D.C. Cir. 2014) .................................................................9

*Klayman v. Zuckerberg,*
   910 F. Supp. 2d 314, 318 (D.D.C. 2012)..............................................................8

*Kussy v. Home Depot U.S.A. Inc.,*
   No. 06-12899, 2006 WL 3447146, at *5 (E.D. Mich. Nov. 28, 2006)................17

v

*L.W. through Doe v. Snap Inc.*,
  675 F. Supp. 3d 1087, 1095 (S.D. Cal. 2023) ....................................................8

*Landham v. Lewis Galoob Toys, Inc.*,
  227 F.3d 619, 622-23 (6th Cir. 2000) ...............................................................20

*M.P. by & through Pinckney v. Meta Platforms Inc.*,
  127 F.4th 516, 524 (4th Cir. 2025)......................................................................8

*Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*,
  591 F.3d 250, 254 (4th Cir. 2009) ........................................................4, 5, 10, 11

*Newberry v. Silverman*,
  789 F.3d 636, 646 (6th Cir. 2015) .....................................................................16

*O'Kroley v. Fastcase, Inc.*,
  831 F.3d 352, 355 (6th Cir. 2016) .......................................................................8

*Perfect 10, Inc. v. CCBill LLC*,
  488 F.3d 1102, 1118 (9th Cir. 2007)....................................................................5

*Puckett v. Am. Broad. Cos., Inc.*,
  917 F.2d 1305, No. 89–6589, 1990 WL 170425, *3 (6th Cir. Nov. 6, 1990)......20

*Ratermann v. Pierre Fabre USA, Inc.*,
  651 F. Supp. 3d 657, 668-670 (S.D.N.Y. 2023) ..................................................8

*Republic Bank & Tr. Co. v. Bear Stearns & Co.*,
  683 F.3d 239, 247 (6th Cir. 2012) .....................................................................12

*Richter v. Seterus, Inc.*,
  No. 15-CV-12874, 2016 WL 8200520, at *2 (E.D. Mich. May 16, 2016) ... 13, 14

*Rodriguez v. Due Process of Michigan, Inc.*,
  No. 07-CV-12578-DT, 2008 WL 4449651, at *10
  (E.D. Mich. Sept. 30, 2008)..............................................................................17

*Rosipko v. FCA US, LLC*,
  No. 15-11030, 2015 WL 8007649, at *4 (E.D. Mich. Dec. 7, 2015)............ 17, 18

vi

*Ruffin–Steinback v. dePasse,*
    82 F.Supp.2d 723, 728 (E.D. Mich. 2000) ..............................................................18

*Sam Han v. Univ. of Dayton*,
    541 F. App'x 622, 627 (6th Cir. 2013)..................................................................12

*State Farm Mut. Auto. Ins. Co. v. Max Rehab Physical Therapy LLC*,
    No. CV 18-13257, 2019 WL 6481719, at *5 (E.D. Mich. Dec. 2, 2019) ............16

*Teal v. Argon Med. Devices, Inc.*,
    533 F. Supp. 3d 535, 546 (E.D. Mich. 2021) ........................................................13

*U.S. ex rel. Sheldon v. Kettering Health Network*,
    816 F.3d 399, 409 (6th Cir. 2016)........................................................................14

*Williams v. Polgar*,
    215 N.W.2d 149, 155 (Mich. 1974) ......................................................................15

*Zeran v. Am. Online, Inc.*,
    129 F.3d 327, 330 (4th Cir. 1997).............................................................. 5, 7, 9

**Statutes**

47 U.S.C. § 230 ................................................................ 1, 4, 5, 6, 8, 9, 10

Michigan Consumer Protection Act................................................... 1, 2, 16, 17, 18

**Rules**

Fed. R. Civ. P. 12(b)(6) .....................................................................3, 11

Fed. R. Civ. P. 9(b) ...................................................................... 12, 13, 16

135889.000003\4918-1735-6911.2

# TABLE OF CONTENTS

## Contents

I.   INTRODUCTION.................................................................................1

II.   FACTUAL BACKGROUND ................................................................3

III.   ARGUMENT.....................................................................................4

   A.  SECTION 230 BARS ALL OF PLAINTIFF'S CLAIMS AGAINST TEA......................4

      i.   Tea is an Interactive Computer Service Provider ............................. 6

      ii.   Plaintiff's Claims Seek to Treat Tea as a Publisher ........................ 7

      iii.   The Posts Were Written by Third Parties. ..................................... 10

   B.  PLAINTIFF LIKEWISE FAILS TO STATE ANY CLAIM AGAINST TEA ................... 11

      i.   Plaintiff's Claim for Negligence/Misrepresentation Should Be Dismissed With Prejudice. ................................................. 12

          *1.*   *Plaintiff Cannot Satisfy Rule 9(b)* ....................................... 13

          *2.*   *Plaintiff Cannot Satisfy Any of the Elements of a Negligent Misrepresentation Claim*.............................................14

      ii.   Plaintiff's Claim for False Advertising Should Be Dismissed With Prejudice. ................................................... 16

          *1.*   *Plaintiff Cannot Satisfy Rule 9(b)* ....................................... 16

          *2.*   *Plaintiff's MCPA Claim Fails on the Merits* ...........................17

      iii.   Plaintiff's Claim for Misappropriation of Name and Likeness Should be Dismissed With Prejudice. ................................. 18

IV.   CONCLUSION..............................................................................21

Defendant Tea Dating Advice, Inc. ("Tea") respectfully submits this memorandum in support of its motion to dismiss Plaintiff Antonio Lavon Manning ("Plaintiff")'s complaint (the "Complaint").

## I.        INTRODUCTION

Tea operates a mobile application (the "Tea App") with the mission of revolutionizing online dating by equipping women with the tools, real-time insights, and community to navigate the modern dating world. One of the Tea App's key features is a social media style forum where users can exchange feedback on potential partners and more broadly share experience regarding relationships.

Plaintiff filed this action the day after anonymous users allegedly posted statements about him on the Tea App.  Plaintiff asserts three claims against Tea: negligence/misrepresentation based on Tea's alleged decision to not prevent or remove user content, false advertising under the Michigan Consumer Protection Act ("MCPA"), and appropriation of name and likeness.  Each of Plaintiff's claims against Tea should be dismissed with prejudice.

Fundamentally, Plaintiff's three claims are squarely foreclosed by Section 230 of the Communications Decency Act ("Section 230"), codified as 47 U.S.C. § 230. As Plaintiff admits, each claim arises from the publication of third-party statements by various anonymous users about Plaintiff on the Tea App.  Section 230 immunizes interactive computer service providers like Tea from claims seeking to hold them

liable for content written and published on their platform by third parties. Such immunity is broad and express, precluding Plaintiff's claims against Tea and requiring dismissal under Sixth Circuit precedent.

Plaintiff's claims should also be dismissed with prejudice for numerous additional reasons fatal to Plaintiff's claims. As a threshold matter, Plaintiff fails to satisfy the heightened pleading standards applicable to his negligent misrepresentation and MCPA claims. Plaintiff's negligent misrepresentation claim should also be dismissed because Plaintiff does not plead with adequate specificity that he can satisfy any of its elements: he does not allege that *he* relied on Tea's statements regarding its online community, that the statements were false and prepared without reasonable care, and that Tea owed Plaintiff (who is not even a Tea App user) any duty. Plaintiff's vague one sentence, false advertising claim under the MCPA should likewise be dismissed because Tea has no relationship with Plaintiff, he does not allege conduct covered by any provision of the MCPA, and he fails to allege any of the required elements of fraud necessary for a "deceptive act." Finally, Plaintiff's claim for misappropriation of name and likeness should be dismissed with prejudice because his name has no commercial value and Tea did not seek to commercially exploit it.

For these reasons discussed in more detail below, Plaintiff's claims against Tea should be dismissed with prejudice.

2

## II.    <u>FACTUAL BACKGROUND</u>

Tea operates a mobile application that allows women to share and crowdsource information about men they have dated or are considering dating (the "Tea App").  (*See* ECF No. 3, Compl. ¶ 4, PageID.59.)[1]

Plaintiff, Antonio Lavon Manning, is purportedly a resident of Wayne County, Michigan.  (*Id.* ¶ 3, PageID.59.)  He does not claim to be a Tea App user. Plaintiff's claims arise from his allegation that on or around August 25, 2025, the day before filing his Complaint, *anonymous* Tea users ("Doe Defendants") made posts on the Tea App accusing him of being a "sex offender predator," having a sexually transmitted infection, and being secretly homosexual.  (*See id.* ¶ 6, PageID.59.)  He concedes that the Doe Defendants, ***not Defendant Tea***, made the posts (*see id.* ¶¶ 5, 6, 8, 16, 17, 18, PageIDs.59-61), and that his claims against Tea concern its "publishing" the posts (*see id.* ¶¶ 27-28, 30, PageIDs.63-64) and its purported failure to "prevent or remove the defamatory posts" (*id.* ¶ 11-12, PageID.60).  He does not allege that Tea contributed to or otherwise altered the posts. (*See generally*, *id.*)  While Plaintiff contends that the posts are false, he provides no factual support for his contention.  Instead, he admits the veracity of at least one

---

[1] All facts contained herein are taken from the Aug. 26, 2025 Complaint and are accepted as true only for purposes of Fed. R. Civ. P. 12(b)(6) and only to the extent this Court deems them to be well-pleaded factual allegations.  Tea reserves all rights as to the veracity of the factual allegations.

claim—that he is "registered on Michigan's sex offender registry." (*Id.* ¶ 8, PageID.60.)

### III.   <u>ARGUMENT</u>

#### A. Section 230 Bars All of Plaintiff's Claims Against Tea

Plaintiff's claims against Defendant Tea are barred by Section 230 immunity expressly provided to interactive computer service providers running platforms like the Tea App.  Section 230 serves as broad protection for owners and operators of websites and Apps, shielding them from being treated as a publisher of content posted by their users.  Under Section 230, "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider" 47 U.S.C. § 230(c)(1) and "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section" *id.* at § 230(e)(3).[2]

Section 230 "immunizes providers of interactive computer services against liability arising from content created by third parties." *Jones v. Dirty World Ent. Recordings, LLC*, 755 F.3d 398, 406 (6th Cir. 2014); *see also Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 254 (4th Cir. 2009) (Section 230 prohibits "state-law plaintiffs from holding interactive computer service providers legally responsible for information created and developed by third parties"); *Doe v.*

---

[2] Highlighted copies of the Most Controlling Authority are attached as **Exhibit 1**.

*Grindr Inc*., 128 F.4th 1148, 1151 (9th Cir. 2025) ("Under [Section 230], interactive computer service providers are immune from state law liability when plaintiffs seek to treat those providers as publishers of third-party content.") Immunity also extends to a service provider's exercise of "traditional editorial functions," including "deciding whether to publish, withdraw, postpone or alter content." *Zeran v. Am. Online, Inc*., 129 F.3d 327, 330 (4th Cir. 1997).

Courts construe "the immunity provisions in § 230 broadly" and "'close cases . . . must be resolved in favor of immunity' . . . ." *Jones*, 755 F.3d at 408 (quoting *Fair Hous. Council of San Fernando Valley v. Roommates.Com, LLC,* 521 F.3d 1157, 1174 (9th Cir. 2008)); *Nemet Chevrolet*, 591 F.3d at 254 ("To further the policies underlying the CDA, courts have generally accorded § 230 immunity a broad scope"); *Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1118 (9th Cir. 2007) ("[t]he majority of federal circuits have interpreted the CDA to establish broad federal immunity . . . .") (quotation marks and citation omitted).

Decisions concerning immunity "should be resolved at an earlier stage of litigation." *Jones*, 755 F.3d at 417; *see Nemet Chevrolet*, 591 F.3d at 255 ("We thus aim to resolve the question of § 230 immunity at the earliest possible stage of the case because that immunity protects websites not only from 'ultimate liability,' but also from 'having to fight costly and protracted legal battles.'" (quoting *Roommates*, 521 F.3d at 1175)).

5

This case should easily be dismissed at the pleading stage pursuant to Section 230 because (1) Tea is a "provider . . . of an interactive computer service" and (2) Plaintiff's claims seek to "treat[] [it] as the publisher or speaker" (3) of "information provided by another information content provider." 47 U.S.C. § 230(c)(1); *see also Jones*, 755 F.3d at 409.

### i. Tea is an Interactive Computer Service Provider

Tea is an interactive computer service provider because it operates a website and application "that provides or enables computer access by multiple users to a computer server . . ." 47 U.S.C. § 230(f)(3). As Plaintiff acknowledges, Tea operates a social media forum where users post content. (*See* ECF No. 3, Compl. ¶ 4, PageID.59 (alleging that Tea operates "the 'Tea' mobile application") and ¶ 6, PageID.59 (alleging that users posted statements about Plaintiff on the Tea App).) Therefore, Tea, like other social media websites and apps, is an interactive computer service provider. *See Jones*, 755 F.3d at 406 n.2 (interactive computer service includes "website operators"); *see also Henderson v. Source for Pub. Data, L.P.*, 53 F.4th 110, 120 n.10 (4th Cir. 2022) ("Hosting a website 'enables computer access by multiple users to a computer server'" and "online messages boards . . . fall within this definition" (quoting *FTC v. LeadClick Media, LLC*, 838 F.3d 158, 174 (2nd Cir. 2016))); *Herrick v. Grindr LLC*, 765 F. App'x 586, 589–90 (2d Cir. 2019) ("As the district court observed, courts have repeatedly concluded that the definition of an

ICS includes 'social networking sites like Facebook.com, and online matching services like Roommates.com and Matchmaker.com,'" (quoting *Herrick v. Grindr, LLC*, 306 F. Supp. 3d 579, 588 (S.D.N.Y. 2018), *aff'd*, 765 F. App'x 586 (2d Cir. 2019))).

### ii.   Plaintiff's Claims Seek to Treat Tea as a Publisher

Plaintiff's claims against Tea treat it as a publisher of content because, however styled, they rest on Tea allegedly publishing users' allegations about Plaintiff.  Plaintiff concedes his claims "aris[e] out of" the purportedly false posts users made on Tea's website.  (ECF No. 3, Compl. ¶1; *see also id.* ¶ 26, PageID.63 (negligence claim based on Tea's alleged failure to "ensure defamatory or sensitive content was prevented or removed"), ¶ 27, PageID.63 (false advertising claim based on Tea's alleged failure to "screen[] and prevent[] defamatory/medical content,"), ¶ 30, PageID.64 (appropriation of likeness claim based on Tea's purported publication of Plaintiff's image and information alongside "false and stigmatizing statements").)

Decisions about what information to publish are "traditional editorial functions" at the "core" of Section 230's protections.  *Jones*, 755 F.3d at 407 ("At its core, § 230 bars 'lawsuits seeking to hold a service provider liable for its exercise of a publisher's traditional editorial functions—such as deciding whether to publish, withdraw, postpone or alter content.'" (quoting *Zeran v. Am. Online, Inc.*, 129 F.3d 327, 330 (4th Cir. 1997))); *see also O'Kroley v. Fastcase, Inc.*, 831 F.3d 352, 355

7

(6th Cir. 2016) ("Google thus cannot be held liable for these claims—for merely providing access to, and reproducing, the allegedly defamatory text."). The "name of the cause of action"—here negligence, false advertising, misappropriation of name and likeness—is irrelevant. "[C]ourts must ask whether the duty that the plaintiff alleges the defendant violated derives from the defendant's status or conduct as 'publisher or speaker.' If it does, section 230(c)(1) precludes liability." *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1101–02 (9th Cir. 2009), *as amended* (Sept. 28, 2009); *see also M.P. by & through Pinckney v. Meta Platforms Inc.*, 127 F.4th 516, 524 (4th Cir. 2025) ("a claim . . . treats the defendant 'as the publisher or speaker of any information' under § 230(c)(1) if the claim (1) bases the defendant's liability on the disseminating of information to third parties and (2) imposes liability based on the information's improper content.") Since Plaintiff's claims all arise from Tea publishing the allegations at issue, this element is satisfied.[3]

Finally, Plaintiff cannot plead around Section 230 by framing Tea's actions as a *failure to remove* defamatory content. (*See* ECF No. 3, Compl. ¶ 12,

---

[3] *See Klayman v. Zuckerberg*, 910 F. Supp. 2d 314, 318 (D.D.C. 2012), *aff'd*, 753 F.3d 1354 (D.C. Cir. 2014) (negligence claims asserted against social media company barred by Section 230); *Ratermann v. Pierre Fabre USA, Inc.*, 651 F. Supp. 3d 657, 668-670 (S.D.N.Y. 2023) (dismissing claims asserting exploitation of plaintiff's "likeness for advertising purposes" and "commercial gain" pursuant to Section 230); *L.W. through Doe v. Snap Inc.*, 675 F. Supp. 3d 1087, 1095 (S.D. Cal. 2023) (dismissing false advertising claims because "regardless of how [plaintiffs'] claims are framed, [] their theories of liability plainly turn on Defendants' alleged failure to monitor and remove third-party content").

PageID.60.)  Decisions about what information to remove likewise are "traditional editorial functions" at the "core" of Section 230 protection and publishers are not obligated to remove posts because a plaintiff claims they are false.  *See Jones*, 755 F.3d at 407 (Section 230 bars traditional "notice-liability" claims); *Zeran*, 129 F.3d at 333 ("Liability upon notice would defeat the dual purposes advanced by § 230 of the CDA."); *Klayman v. Zuckerberg*, 753 F.3d 1354, 1359 (D.C. Cir. 2014) ("the very essence of publishing is making the decision whether to print **or retract** a given piece of content") (emphasis added).

Nor can Plaintiff use statements from Tea's website regarding content moderation and community guidelines to circumvent Section 230 or to form the factual basis of his negligence claim.  (*See* ECF No. 3, Compl. ¶ 24, Anticipatory Allegation 1, PageIDs. 62,65.)  Plaintiff claims that the *Barnes* case supports this proposition; it does not.  Rather, in *Barnes*, the Ninth Circuit held that Section 230 barred plaintiff's negligence claim even after Yahoo **told her it would take down the content** because the duty Yahoo allegedly breached "derives from Yahoo's conduct as a publisher." *Barnes*, 570 F.3d. at 1103.  "[A] plaintiff cannot sue someone for publishing third-party content simply by changing the name of the theory from defamation to negligence." *Id*.

Plaintiff's remaining rationale to avoid application of Section 230 immunity are meritless.  There are no facts to support any assertion of negligent product design

(merely an alternative way of looking at decisions to post or remove content). As explained above, his claims are rooted in the content of specific posts, not any design flaw to the application itself. Likewise, his commercial exploitation of likeness assertion (discussed below) is based on third-party posts, not Tea's acts. And, arguments regarding amorphous access to justice, federalism, and constitutional avoidance likewise do not override the clear and broadly interpreted language of Section 230.

### iii. The Posts Were Written by Third Parties.

Tea is not a content provider because it did not write the posts/comments at issue. As Plaintiff concedes, anonymous users, not Tea, made the comments at issue. (*E.g.* ECF No. 3, Compl. ¶ 1, PageID.58 ("anonymous users of the app falsely alleged"); *id.* ¶ 6, PageID.60 ("Does 1-20 published posts on the Tea app")); *see Jones,* 755 F.3d at 412 (defendant "'is not responsible, in whole or in part, for the development of this content, which comes entirely from subscribers and is passively displayed by'" them (quoting *Roommates,* 521 F.3d at 1174)); *see also Nemet Chevrolet*, 591 F.3d at 257 (structuring and designing a website is not the development of content).

In addition, Plaintiff cannot preclude Section 230 immunity by summarily claiming without factual support that Tea materially contributed to the posts. (*See* ECF No. 3, Compl. Anticipatory Allegation 2, PageID.65.) Plaintiff acknowledges

10

that he has no factual basis for this contention and merely asserts it "[t]o the extent discovery reveals that Tea structured its app to solicit or require harmful categories . . . ." (*Id.*) Plaintiff's hope that discovery will reveal a basis for his argument is not sufficient to deny a motion to dismiss. *See Nemet*, 591 F.3d. at 260 (holding that "the mere possibility" the website was created or developed of "allegedly defamatory content" was insufficient to "unlock the doors of discovery"). Additionally, while Plaintiff relies on *Roommates*, the court found that, if a party only "passively displays content that is created entirely by third parties, then it is only a service provider with respect to that content." *Roommates*, 521 F.3d at 1162; *see also Jones*, 755 F.3d at 415–16 (defendant "cannot be found to have materially contributed to the defamatory content of the statements . . . simply because those posts were selected for publication"). Here, there are no well-pled facts demonstrating that Tea contributed anything to the posts, let alone contributed in a material fashion. Accordingly, Plaintiff's hypothetical cannot save his claims.

Plaintiff's claims must be dismissed.

### B. Plaintiff Likewise Fails to State Any Claim Against Tea

A complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court need not accept as true "inferences [that] are unsupported by facts

alleged in the complaint," *Sam Han v. Univ. of Dayton*, 541 F. App'x 622, 627 (6th Cir. 2013), or "legal conclusions masquerading as factual allegations," *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Claims sounding in fraud, i.e. plaintiff's misrepresentation and false advertising claims, "pose 'a high risk of abusive litigation.'" *Republic Bank & Tr. Co. v. Bear Stearns & Co.*, 683 F.3d 239, 247 (6th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007)). Therefore, a plaintiff "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The complaint must "'(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" *Indiana State Dist. Council of Laborers & Hod Carriers Pension & Welfare Fund v. Omnicare, Inc.*, 583 F.3d 935, 942–43 (6th Cir. 2009) (quoting *Frank v. Dana,* 547 F.3d 564, 570 (6th Cir. 2008)).

      i.  <u>Plaintiff's Claim for Negligence/Misrepresentation Should Be Dismissed With Prejudice.</u>

Plaintiff's claim for negligent misrepresentation should be dismissed with prejudice because he fails to satisfy the heightened pleading standards under Rule 9(b) and cannot satisfy any of the elements.

12

### 1. *Plaintiff Cannot Satisfy Rule 9(b)*

A negligent misrepresentation claim must satisfy Rule 9(b)'s heightened pleading standard. *Teal v. Argon Med. Devices, Inc.*, 533 F. Supp. 3d 535, 546 (E.D. Mich. 2021) ("the Court finds Plaintiff's argument that she need not plead her negligent misrepresentation claim with particularly as required by Rule 9(b) unavailing"); *Richter v. Seterus, Inc.*, No. 15-CV-12874, 2016 WL 8200520, at *2 (E.D. Mich. May 16, 2016) ("Negligent misrepresentation claims are subject to the heightened pleading standards of Fed. R. Civ. P. 9(b) applied to fraud claims."). Plaintiff cannot satisfy this pleading standard because he does not specify ***how or why*** Tea's statements regarding moderation and screening were fraudulent with respect to the post at issue. *Richter*, 2016 WL 8200520, at *2 (quoting *Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir. 2008)). Read charitably, Plaintiff alleges that Tea's representations about moderation and screening were incorrect because Tea purportedly allowed people to post false information about him[4]. (*See* ECF No. 3, Compl. ¶¶ 25-28, PageID.63.) Even if the statements were false, Plaintiff fails to cite any statements by Tea that its moderation and screening were not applied, or more importantly were the equivalent of third-party post verification and fact

---

[4] Plaintiff does admit he is a registered sex offender, contradicting Plaintiff's assertions about the veracity of the online posts. (*Id.* ¶ 8, PageID.60.)

checking guarantees.  *See, e.g.*, *Richter*, 2016 WL 8200520, at *3 (dismissing negligent misrepresentation claim for failure to satisfy Rule 9(b) pleading standard).

> ### 2. *Plaintiff Cannot Satisfy Any of the Elements of a Negligent Misrepresentation Claim*

Plaintiff's negligent misrepresentation claim should also be dismissed because he has not, and cannot, adequately allege that he: (1) "justifiably relied to his detriment"; (2) "on information prepared without reasonable care"; (3) "by one who owed the relying party a duty of care."  *See Barclae v. Zarb*, 834 N.W.2d 100, 116 (Mich. Ct. App. 2013).

*First*, Plaintiff does not and cannot allege that he, a male non-user of the Tea App, relied on any of Tea's alleged misrepresentations.  Instead, he claims that "**women** use the app—and rely on its claims . . . ."  (*See* ECF No. 3, Compl. ¶¶ 24-25, PageIDs.62-63 (emphasis added).)  He does not claim to have read these statements before the posts were made (rather than after when drafting this Complaint). And, while he baldly alleges that "Tea's misrepresentations induced reliance by Plaintiff," (*see id*. ¶ 27, PageID.63) that conclusory allegation is irrelevant and should be ignored.  *See U.S. ex rel. Sheldon v. Kettering Health Network*, 816 F.3d 399, 409 (6th Cir. 2016) ("Although a court must construe a complaint's allegations in favor of the plaintiff,. . . and must accept all factual allegations as true, . . . the court need not accept legal conclusions[.]").

*Second*, Plaintiff fails to adequately allege that any of Tea's statements were false or "prepared without reasonable care."  *See Hill v. Bayer Corp.*, 485 F. Supp. 3d 843, 856 (E.D. Mich. 2020) ("In order to state a claim for negligent misrepresentation under Michigan law, a plaintiff must show . . . information [was] provided without reasonable care").

*Third*, Plaintiff did not plead any facts suggesting that Tea ***owed him*** a duty of care.  A negligence claim is only actionable if the defendant owed the plaintiff a duty of care.  *Williams v. Polgar*, 215 N.W.2d 149, 155 (Mich. 1974) ("Actionable negligence presupposes the existence of a legal relationship between parties by which the injured party is owed a duty by the other, and such duty must be imposed by law.").  For a duty to exist, "there must be a relationship between the parties and the harm must have been foreseeable." *Grifo & Co., PLLC v. Cloud X Partners Holdings, LLC*, 485 F. Supp. 3d 885, 895 (E.D. Mich. 2020) (internal quotations omitted).  Tea has no relationship with Plaintiff, a man who is not a Tea user. Moreover, Plaintiff has not pled any facts demonstrating that Tea had any reason to foresee that posts on its platform, should they be made about Plaintiff, would somehow allegedly harm him.  Since Tea did not owe Plaintiff a duty of care, his negligent misrepresentation claim should be dismissed with prejudice.  *See Dugan v. Vlcko*, 307 F. Supp. 3d 684, 700 (E.D. Mich. 2018) ("Here, Plaintiff has not provided evidence that Defendant owed her any sort of duty, so her negligent

misrepresentation claim must fail."); *Newberry v. Silverman*, 789 F.3d 636, 646 (6th Cir. 2015) (dismissal with prejudice is appropriate where complaint cannot be saved by amendment).

    ii. <u>Plaintiff's Claim for False Advertising Should Be Dismissed</u>
       <u>With Prejudice.</u>

  Plaintiff's false advertising claim under the Michigan Consumer Protection Act ("MCPA") should also be dismissed with prejudice because Plaintiff cannot satisfy the heightened pleading standard applicable to MCPA claims, does not allege an injury covered by the MCPA, and cannot adequately plead fraud.

     *1. Plaintiff Cannot Satisfy Rule 9(b)*

  MCPA claims likewise are subject to Rule 9(b)'s heightened pleading standards. *State Farm Mut. Auto. Ins. Co. v. Max Rehab Physical Therapy LLC*, No. CV 18-13257, 2019 WL 6481719, at *5 (E.D. Mich. Dec. 2, 2019) ("Rule 9(b)'s heightened pleading requirements apply to their MCPA claim"); *Kerrigan v. ViSalus, Inc.*, 112 F. Supp. 3d 580, 612 (E.D. Mich. 2015) ("to state a claim pursuant to § 445.903, Plaintiffs must 'state with particularity the circumstances constituting fraud or mistake," consistent with Fed. R. Civ. P. 9(b)'"). As explained above, *see* Section III(B)(i)(1) *supra*, Plaintiff's one-sentence, vague allegation does not satisfy Rule 9(b). Indeed, Plaintiff's MCPA claim is even more problematic because he fails to specify the conduct that allegedly violates the MCPA or which of the MCPA's thirty-eight provisions Tea allegedly violated. (*See* ECF No. 3, Compl. ¶ 27, PageID63.)

Plaintiff's MCPA claim should be dismissed on this basis alone.  *See, e.g.*, *Home Owners Ins. Co. v. ADT LLC*, 109 F. Supp. 3d 1000, 1008–09 (E.D. Mich. 2015) (dismissing MCPA claim for failure to "meet Rule 9(b)'s heightened pleading requirements" including because "Plaintiff has not even identified which section of the MCPA Defendants allegedly violated.")

## 2.  *Plaintiff's MCPA Claim Fails on the Merits*

Amendment, however, in this case would be futile.  Here, Plaintiff cannot proceed on a claim under the MCPA because Tea was "not engaged in providing [Plaintiff] with 'goods, property, or services' . . . so as to give [him] standing to sue [Tea] under the statute."  *Rodriguez v. Due Process of Michigan, Inc.*, No. 07-CV-12578-DT, 2008 WL 4449651, at *10 (E.D. Mich. Sept. 30, 2008).  This alone is fatal to Plaintiff's claim requiring dismissal with prejudice.

However, Plaintiff also cannot satisfy any of the elements of a fraud claim required to assert a claim under the MCPA.  *E.g. Rosipko v. FCA US, LLC*, No. 15-11030, 2015 WL 8007649, at *4 (E.D. Mich. Dec. 7, 2015) ("Contrary to Plaintiffs' position, however, courts generally have held that '[t]he provisions of the MCPA are to be construed with reference to the common-law tort of fraud.'" (quoting *Kussy v. Home Depot U.S.A. Inc.*, No. 06-12899, 2006 WL 3447146, at *5 (E.D. Mich. Nov. 28, 2006))).  To establish fraud, Plaintiff must allege that:

> (1) the defendant made a material representation; (2) it was false; (3) when the defendant made the statement, the defendant knew that it was

false, or made it recklessly, without any knowledge of its truth, and as
a positive assertion; (4) the defendant made it with the intention that it
should be acted upon by plaintiff; (5) plaintiff acted in reliance upon it;
and (6) the plaintiff thereby suffered injury.

*Rosipko*, 2015 WL 8007649, at *3.  Plaintiff cannot satisfy any of these elements:

(1) he does not specify the representations at issue or why they were material to him

(a non-Tea user), (2) why they were false, (3) that Tea knew they were false (or

anything about Tea's state of mind), (4) that Tea made statements intending for them

to be relied on by non-Tea users like Plaintiff, (5) that Plaintiff read these statements

before the Doe Defendants made the posts, much less that he did (or refrained from

doing) anything in reliance on them, or (6) that he suffered any injury as a result of

Tea's supposed representations.

Therefore, Plaintiff's claim for false advertising under the MCPA fails as a

matter of law and should be dismissed with prejudice.

### iii.   Plaintiff's Claim for Misappropriation of Name and Likeness Should be Dismissed With Prejudice.

Plaintiff's claim for misappropriation of name and likeness[5] should be

dismissed with prejudice because Plaintiff cannot satisfy any of the elements.  A

plaintiff alleging misappropriation of his name and likeness must plead "(1) that

---

[5] Invasion of privacy-misappropriation is also known as "right of publicity."  *Ruffin–
Steinback v. dePasse,* 82 F.Supp.2d 723, 728 (E.D. Mich. 2000), *aff'd,* 267 F.3d 457
(6th Cir. 2001).  Accordingly, courts use the two terms interchangeably.  *See, e.g.,
Armstrong v. Eagle Rock Ent., Inc.*, 655 F. Supp. 2d 779, 784 n.2 (E.D. Mich. 2009).

18

[Plaintiff] has a pecuniary interest or significant commercial value in [his] identity, and (2) that the [Defendant] engaged in commercial exploitation of [Plaintiff's] identity." *Armstrong v. Eagle Rock Ent., Inc.*, 655 F. Supp. 2d 779, 785 (E.D. Mich. 2009) (*quoting Arnold v. Treadwell,* No. 283093, 2009 WL 2136909, at *4 (Mich. Ct. App. July 16, 2009)) (internal quotations omitted).

*First*, Plaintiff has not alleged that there is a "'pecuniary interest or significant commercial value in [his] identity,' such that would result in profit to" Tea. *See Binion v. O'Neal*, No. 14-13454, 2015 WL 3544518, at *4 (E.D. Mich. Apr. 2, 2015) (quoting *Armstrong*, 655 F.Supp.2d at 785). Since Plaintiff's identity is not commercially valuable, he cannot establish this element.

*Second*, Plaintiff fails to sufficiently allege that Tea engaged in "commercial exploitation" of his identity. *See Armstrong*, 655 F. Supp. at 785. While Plaintiff vaguely asserts that the "conduct" benefited Tea, including by somehow increasing user engagement and "enhancing the viral appeal of defamatory or sensational posts," (*see* ECF No. 3, Compl. ¶ 31, PageID.64), these allegations fall short because he fails to allege any concrete facts establishing that Tea posted the content (which it did not) for its pecuniary benefit. *See Binion*, 2015 WL 3544518, at *4 (dismissing claim because allegation that defendant "is actively seeking to grow his brand" through self-promotion "failed to demonstrate how posting pictures of [plaintiff] would result in [defendant's] pecuniary benefit").

19

As the Sixth Circuit has recognized in interpreting the same restatement Plaintiff relies on, "[n]o one has the right to object merely because his appearance is brought before the public . . ." *Puckett v. Am. Broad. Cos., Inc.*, 917 F.2d 1305, No. 89–6589, 1990 WL 170425, *3 (6th Cir. Nov. 6, 1990). Rather, it is only when "publicity is given for the purpose of appropriating to the defendant's benefit the commercial or other values associated with the name or the likeness that the right of privacy is invaded." *Id*. Tea did not make the posts and "[t]he fact that the defendant is engaged in the business of publication . . . out of which he makes or seeks to make a profit, is not enough to make the incidental publication a commercial use of the name or likeness." *Charisma Hudson, et al. v. Datanyze, LLC*, 702 F. Supp. 3d 628, 632 (N.D. Ohio 2023), *aff'd sub nom. Hudson v. Datanyze, LLC*, No. 23-3998, 2025 WL 80806 (6th Cir. Jan. 13, 2025) (emphasis added).[6]

Therefore, Plaintiff's claim for misappropriation of name and likeness fails as a matter of law and should be dismissed with prejudice.

---

[6] Because "case law on [appropriation of name and likeness] is exceedingly rare . . . courts typically give attention to the entire available body of case law when deciding [appropriation] cases." *Landham v. Lewis Galoob Toys, Inc.*, 227 F.3d 619, 622-23 (6th Cir. 2000).

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's claims against Tea should be dismissed with prejudice.

Respectfully submitted,

Dated: October 2, 2025

*/s/ Katherine L. Pullen*
Katherine L. Pullen (P74511)
Amber J. Krupp (P88317)
WARNER NORCROSS + JUDD LLP
2715 Woodward Avenue, Suite 300
Detroit, Michigan 48201
(313) 546-6000
kpullen@wnj.com
akrupp@wnj.com

*/s/ Admission to be sought for:*
Bethany G. Lukitsch
Baker & Hostetler LLP
1900 Avenue of the Stars
Suite 2700
Los Angeles, CA  90067-4301
310.442.8856
blukitsch@bakerlaw.com

Cameron S Friedman
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY  10111
212.589.4667
cfriedman@bakerlaw.com

21

## **PROOF OF SERVICE**

Katherine L. Pullen states that on October 2, 2025, she caused to be filed the foregoing document and this Certificate of Service via the court's electronic filing system, which will send notification of such filing to all parties on record.

I declare that the above statement is true to the best of my knowledge, information and belief.

*/s/ Katherine L. Pullen*
Katherine L. Pullen

22