**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| ANTONIO LAVON MANNING, | Case Number: **25-cv-13037** |
| Plaintiff, | Honorable Brandy R. McMillion |
| | Magistrate Judge Anthony P. Patti |
| v. | |
| TEA DATING ADVICE, INC. d/b/a TEA, JOHN/JANE DOES 1-20, individuals, | DECLARATION OF ANTONIO LAVON MANNING IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS |

**DECLARATION OF ANTONIO LAVON MANNING**
**IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS**

I, **ANTONIO LAVON MANNING**, declare as follows:

1. I am the Plaintiff in this action. I have personal knowledge of the facts stated in this Declaration and, if called as a witness, I could and would competently testify to them.

**DISCOVERY OF DEFAMATORY CONTENT**

2. On or about August 25, 2025, I discovered that my name, photograph, and identifying information were posted on the Tea mobile application alongside false and defamatory statements.

3. Specifically, anonymous users posted statements falsely claiming that I have a sexually transmitted infection ("STI"). This allegation is completely false. I have never been diagnosed with any STI, and I have medical documentation to prove this fact.

4. The posts also included misleading characterizations about my sex offender registry status, portraying me as a dangerous predator when the reality is that my registration

1

stems from a consensual high school relationship when I was 18 years old and my girlfriend was 15 years old.

5. The photographs used on the Tea platform were taken by me and originally posted on my personal Instagram account. I am the copyright owner of these photographs. I never authorized Tea or any Tea user to use my photographs.

**TEA'S TERMS OF SERVICE REPRESENTATIONS**

6. Upon discovering the posts on August 25, 2025, I immediately accessed Tea's Terms of Service at www.teaforwomen.com/terms.

7. I reviewed Tea's Terms of Service, which make specific promises about content moderation and prohibited content. Specifically, Tea's TOS states: a. Section 7: "Your User Generated Posts may not display any personal details (e.g., phone numbers, last names, addresses, health information, specific details about an individual's occupation)..." b. Section 7: "Moreover, you should refrain from Submitting User Generated Posts that are offensive, abusive, libelous, defamatory, obscene..." c. Section 7: "You understand and agree that we may monitor or review your User Generated Post, and we reserve the right to remove, delete, edit, limit, or block or prevent access to any of User Generated Posts at any time at our sole discretion." d. Section 8: Tea represents it uses "artificial intelligence, machine learning tools, or similar technology" and may use these tools "to remove any User Generated Posts that violate" the Community Guidelines. e. Section 10: Tea provides a DMCA procedure for copyright complaints, directing such complaints to "accounthelp@teaforwomen.com."

8. A true and correct copy of Tea's Terms of Service (effective August 11, 2025) is attached as Exhibit A.

2

**PLAINTIFF'S CEASE AND DESIST REQUEST**

9. The posts about me violated multiple provisions of Tea's own Terms of Service: a. They contained false "health information" in violation of Section 7 (the STI allegations) b. They were "libelous, defamatory" in violation of Section 7 c. They used my copyrighted photographs without authorization, implicating Section 10

10. Relying on Tea's Terms of Service—specifically its prohibition of health information and defamatory content, its promise to monitor and remove violating content, and its copyright complaint procedure—I drafted a formal cease and desist letter.

11. On August 25, 2025, at 11:27 AM, I sent my cease and desist letter via email to three Tea email addresses:

    - accounthelp@teaforwomen.com (the email specified in Tea's DMCA procedure)
    - contact@teaforwomen.com
    - press@teaforwomen.com

12. In my cease and desist letter, I specifically: a. Identified myself and provided my contact information b. Demanded immediate removal of my images and all content about me c. Referenced the unauthorized use of my image and likeness d. Specifically mentioned the false STI allegation and noted I have "medical documentation to prove otherwise" e. Referenced my sex offender status and explained the context f. Noted that "by continuing to allow this content you open your company to liability" g. Requested written confirmation of compliance within 10 days h. Attached three screenshots showing the violating posts i. Warned of legal action if Tea failed to comply

13. A true and correct copy of my August 25, 2025 cease and desist email to Tea is attached as Exhibit B.

3

14. My cease and desist letter specifically invoked Tea's own Terms of Service prohibitions and followed the complaint procedure Tea established.

**TEA'S FAILURE TO ACT**

15. As of August 26, 2025 (the date I filed this lawsuit), Tea had not responded to my cease and desist request.

16. As of the date of this Declaration, Tea has still not responded to my cease and desist request.

17. As of the date of this Declaration, Tea has not removed the defamatory content or my copyrighted photographs from its platform. The posts remain live and accessible on Tea's platform today.

18. Tea's ten-day deadline for compliance expired on September 4, 2025. Tea took no action.

**ADDITIONAL EFFORTS TO SEEK REMOVAL**

19. On August 25, 2025, I also submitted formal DMCA complaints to Apple regarding two versions of the Tea app available in the Apple App Store (App IDs: 6467346509 and 6748969382).

20. In my Apple complaints, I specifically noted that I had "contacted the Tea app operators directly (at accounthelp@teaforwomen.com and support@teatheapp.com) to request immediate removal, but they have failed to resolve the matter."

21. Apple responded that they could not identify the specific infringing content and directed me to resubmit with more details.

22. This demonstrated that even Apple's reporting mechanisms were insufficient to address Tea's failure to enforce its own content policies.

4

**PRESERVATION OF EVIDENCE LETTER**

23. On August 26, 2025—the day I filed this lawsuit in Wayne County Circuit Court—I sent Tea a formal Preservation of Evidence letter.

24. This letter was sent via certified mail to Tea's principal office and registered agent, and via email to multiple Tea email addresses:

    - accounthelp@teaforwomen.com
    - support@teatheapp.com
    - press@teatheapp.com
    - contact@teaforwomen.com

25. In this letter, I: a. Identified the pending litigation b. Demanded preservation of all posts, comments, photos, and materials concerning me c. Demanded preservation of all account registration data, IP addresses, login records, and device identifiers d. Demanded preservation of all internal moderation notes and communications e. Explained Tea's legal duty to preserve evidence f. Warned of spoliation sanctions g. Requested written confirmation within 10 days

26. A true and correct copy of my August 26, 2025 Preservation of Evidence letter is attached as Exhibit C.

27. Tea never responded to this preservation letter either.

**HARM SUFFERED**

28. As a result of Tea's conduct—specifically its failure to honor its promises in its Terms of Service and its refusal to remove content that violated its own stated policies—I have suffered:

    a. Severe damage to my professional reputation as a business owner and consultant
    b. Loss of business opportunities and professional relationships
    c. Emotional distress, humiliation, and anxiety
    d. Fear for my personal safety, as the posts have triggered threats against me
    e. Ongoing harm as the defamatory content remains accessible

29. I am the founder of Strategic Precision along with Nerd Swag Entertainment & Production Group, LLC, a business and entertainment consulting firm. My professional reputation is essential to my livelihood.

30. Clients and professional contacts have seen or mentioned the Tea posts, causing direct harm to my business relationships.

31. Members of my church have also seen the posts, causing me humiliation and embarrassment in my community.

32. The false STI allegations are particularly damaging because they involve intimate health information and cannot be easily disproven in casual social or professional contexts.

33. The mischaracterization of my sex offender status has exposed me to threats and has made me fear for my safety.

34. Had Tea honored its Terms of Service promises and removed the content when I requested it on August 25, 2025, much of this harm could have been prevented or mitigated.

35. The fact that the posts remain live more than six weeks after my initial request demonstrates that Tea's failure to act is deliberate and ongoing, causing me continued harm every day.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on October 10, 2025, at Dearborn Heights, Michigan.

_____
Antonio Lavon Manning
Plaintiff, in *Propria Persona*