**UNITED STATES DISTRCIT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ANTONIO LAVON MANNING,

Plaintiff,

v.

TEA DATING ADVICE, INC. d/b/a TEA, JOHN/JANE DOES 1-20, individuals,

Defendants.

Case No. 25-cv-13037

Hon. Brandy R. McMillen
Mag. Judge Anthony P. Patti

Removed from Wayne County Circuit Court
Case No. 25-013290-CZ
Hon. Edward J. Joseph

---

**DEFENDANT TEA DATING ADVICE, INC.'S RESPONSE TO PLAINTIFF'S MOTION TO REMAND OR, IN THE ALTERNATIVE, TO HOLD IN ABEYANCE**

---

## ISSUES PRESENTED

1. Should the Court consider the citizenship of doe defendants notwithstanding the clear language of 28 U.S.C. § 1441(b)(1) and Sixth Circuit precedent stating otherwise?

Tea Dating Advice, Inc. respectfully answers "No" to this question.

2. Should the Court hold removal in abeyance even though it has jurisdiction and the case has already been removed?

Tea Dating Advice, Inc. respectfully answers "No" to this question.

**CONTROLLING OR MOST APPROPRIATE AUTHORITIES**

- 28 U.S.C. § 1441
- 28 U.S.C. § 1446
- *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940 (6th Cir. 1994)
- *Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536 (6th Cir. 2006)
- *Lampton v. Columbia Sussex Corp.*, No. 10-CV-11922, 2010 WL 3075752 (E.D. Mich. Aug. 5, 2010)
- *Roman Cath. Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano*, 589 U.S. 57 (2020)
- *Rosas v. Michigan Dep't of Health & Hum. Servs.*, No. 1:24-CV-11400, 2024 WL 5298284 (E.D. Mich. Nov. 20, 2024)

# TABLE OF AUTHORITIES

**Cases**

*Alexander v. Elec. Data Sys. Corp.*,
13 F.3d 940 (6th Cir. 1994) .......... 4

*Curry v. U.S. Bulk Transp., Inc.*,
462 F.3d 536 (6th Cir. 2006) .......... 3

*Farmers Ins. Grp. v. Hughes*,
2007 WL 772656 (E.D. Ky. Mar. 12, 2007) .......... 4

*Farris v. JPMorgan Chase Bank, N.A.*,
No. 09-CV-14094-DT, 2010 WL 420015 (E.D. Mich. Jan. 28, 2010) .......... 4

*Johnson v. General Motors Corporation*,
242 F. Supp. 778 (E.D. Va. 1965) .......... 5

*Kern v. Huidekoper*,
103 U.S. 485 (1881) .......... 7

*Lampton v. Columbia Sussex Corp.*,
No. 10-CV-11922, 2010 WL 3075752 (E.D. Mich. Aug. 5, 2010) .......... 3, 4

*Morrison v. Charney*,
a Canadian case from Manitoba Court of Queen's Bench .......... 5

*Musson Theatrical, Inc. v. Fed. Exp. Corp.*,
89 F.3d 1244 (6th Cir. 1996) .......... 6

*Roman Cath. Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano*,
589 U.S. 57 (2020) .......... 7

*Rosas v. Michigan Dep't of Health & Hum. Servs.*,
No. 1:24-CV-11400, 2024 WL 5298284 (E.D. Mich. Nov. 20, 2024) .......... 7

*Waker v. Bankers Life Ins. Co.*,
No. 7:18CV00118, 2018 WL 2347100 (W.D. Va. May 23, 2018) .......... 5

*Zolman v. United States*,
170 F. Supp. 2d 746 (W.D. Mich. 2001) .................................................................. 6

**Statutes**

28 U.S.C § 1441.................................................................................... 1, 3, 4, 5

28 U. S. C. § 1446.......................................................................................... 7

**Rules**

L.R. 81.1(d).......................................................................................................... 6

# TABLE OF CONTENTS

I. INTRODUCTION ........ 1
II. BACKGROUND ........ 2
III. ARGUMENT ........ 3
A. The Doe Defendants' Citizenship Should be Disregarded ........ 3
B. Tea's Removal Does Not Rely on Conjecture ........ 5
C. The Court Should Not Hold Removal in Abeyance ........ 6
IV. CONCLUSION ........ 7

Defendant Tea Dating Advice, Inc. ("Tea") respectfully submits this response to Plaintiff Antonio Lavon Manning ("Plaintiff")'s motion to remand or hold removal in abeyance (the "Motion to Remand"). (ECF No. 7.)

## I.  INTRODUCTION

On September 25, 2025, Tea removed this case on diversity grounds by timely filing a procedurally proper notice of removal ("Notice"). (ECF No. 3.) Plaintiff's Motion to Remand does not contest that he and Tea are citizens of different states, the amount-in-controversy requirement has been satisfied, and Tea is not a citizen of Michigan. Instead, Plaintiff asserts that the inclusion of doe defendants (the "Doe Defendants") destroys diversity and that the Court should hold removal "in abeyance" pending resolution of his state court motion for early discovery. Plaintiff is wrong. Under the plain language of 28 U.S.C. § 1441(b)(1) and clear Sixth Circuit precedent, the citizenship of the Doe Defendants must be "disregarded." Similarly, removal cannot be held in abeyance because it already has occurred and the state court no longer has jurisdiction over this case.

For these reasons discussed in more detail below, Plaintiff's Motion to Remand should be denied.

## II.    BACKGROUND

Tea operates a mobile application that allows women to share and crowdsource information about men they have dated or are considering dating (the "Tea App"). (*See* ECF No. 3, Compl. ¶ 4, PageID59.)

Plaintiff is purportedly a resident of Wayne County, Michigan. (*Id.* ¶ 3, PageID59.) He does not claim to be a Tea App user. Plaintiff's claims arise from his allegation that on or around August 25, 2025, the day before filing his complaint, anonymous Tea users ("Doe Defendants") made posts on the Tea App accusing him of being a "sex offender predator," having a sexually transmitted infection, and being secretly homosexual. (*See id.* ¶ 6, PageID59.)

On September 25, 2025, Tea removed this lawsuit to this Court on diversity of citizenship grounds. (ECF No. 3.) In its Notice, Tea established that (1) complete diversity exists between Tea (a citizen of Delaware and California) and Plaintiff (a citizen of Michigan), (2) the amount-in-controversy threshold has been satisfied, and (3) Tea is not a citizen of Michigan. (*See id.* ¶¶ 11-14, PageID46-47.)

The next day, Plaintiff filed the Motion to Remand. He did not dispute ***any*** of these points. (*See generally*, ECF No. 7, Remand Br.) Nor did he dispute that Tea's Notice was procedurally proper. (*Id.*) Instead, Plaintiff argued that his inclusion of the Doe Defendants destroys diversity and that removal should be held in abeyance pending resolution of his state court motion for early discovery.

## III. ARGUMENT

### A. The Doe Defendants' Citizenship Should be Disregarded.

Plaintiff's central argument—that the Court should remand this case because the Doe Defendants *might* live in Michigan—is foreclosed by the plain text of 28 U.S.C. § 1441(b)(1) and Sixth Circuit precedent.[1] Where, as here, a case is removed on diversity grounds, "the citizenship of defendants sued under fictitious names ***shall be disregarded***." § 1441(b)(1) (emphasis added); *see also Lampton v. Columbia Sussex Corp.*, No. 10-CV-11922, 2010 WL 3075752, at *3 (E.D. Mich. Aug. 5, 2010) ("28 U.S.C. 1441(a) clearly and unambiguously states that the court may not consider the citizenship of a fictitious defendant for the purpose of determining whether to remand a case founded upon diversity jurisdiction.").[2] The Sixth Circuit has "consistently relied on a strict interpretation of the language of [Section 1441], disregarding fictitious defendants' citizenships . . . ." *Lampton*, 2010 WL 3075752, at *2; *see also Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 539 (6th Cir. 2006) (when the non-diverse defendants are John Does and their citizenship is unknown, it is proper to disregard their citizenship for the purpose of determining diversity jurisdiction); *Farris v. JPMorgan Chase Bank, N.A.*, No. 09-CV-14094-DT, 2010

[1] Highlighted copies of the Controlling or Most Controlling Authorities are attached as **Exhibit 1**.

[2] The relevant language was moved from Section 1441(a) to Section 1441(b)(1) pursuant to Pub. L. 112–63, §103(a)(2).

WL 420015, at *1 (E.D. Mich. Jan. 28, 2010) ("In determining whether diversity of citizenship exists, only the named defendants are considered.").

While Plaintiff claims the Sixth Circuit's decision in *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940 (6th Cir. 1994) stands for the proposition that the Doe Defendants' citizenship should be considered "where plaintiffs allege that fictitious defendants are real persons likely to be citizens of the forum state" (ECF No. 7, Remand Br. at 1, PageID98), it actually establishes the ***opposite*** precedent. In fact, the *Alexander* court rejected the argument Plaintiff now advances, holding that, since "[i]t is clear that 'Jane Doe' is a fictitious name . . . Section 1441(a) compels that this 'named' defendant be disregarded for purposes of diversity jurisdiction." *Alexander*, 13 F.3d at 948. Therefore, *Alexander* dictates that this Court disregard the Doe Defendants' citizenship. *Lampton*, 2010 WL 3075752, at *2-3 (district court is "constrained to follow the precedent set forth by the Sixth Circuit in *Alexander*" and disregard the citizenship of doe defendants).[3]

Plaintiff's argument to the contrary relies on case law that either does not exist or has been superseded by Section 1441(b)(1). For example, Plaintiff cites *Farmers Ins. Grp. v. Hughes*, 2007 WL 772656 (E.D. Ky. Mar. 12, 2007) for the proposition

[3] Nor does Plaintiff's Declaration appended to his Motion to Remand change the analysis. Plaintiff's *belief* that some of the Doe Defendants are Michigan residents (*see* ECF No. 7, Dec. of Antonio Lavon Manning ¶ 5, PageID102) is irrelevant. At present, they are fictitious defendants and must be disregarded under the strict interpretation of 28 U.S.C. § 1441(b)(1) required by Sixth Circuit precedent.

that this case should be remanded because the Doe Defendants' "eventual inclusion will destroy complete diversity." (ECF No. 7, Remand Br. at 2, PageID99.) However, despite diligent efforts, Tea has been unable to locate this opinion, and Plaintiff's Westlaw citation instead points to *Morrison v. Charney*, a Canadian case from Manitoba Court of Queen's Bench. Plaintiff's reliance on *Johnson v. General Motors Corporation*, 242 F. Supp. 778, 780 (E.D. Va. 1965)[4] is also misplaced because it was superseded by § 1441(b)(1). *See Waker v. Bankers Life Ins. Co.*, No. 7:18CV00118, 2018 WL 2347100, at *3 n.4 (W.D. Va. May 23, 2018) ("Johnson was decided before Congress amended the removal statute to direct courts to disregard the citizenship of defendants sued under fictitious names. That amendment forecloses any reliance on Johnson.").

Under the plain language of Section 1441(b)(1) and Sixth Circuit precedent, the Court must disregard the Doe Defendants' citizenship.

**B. Tea's Removal Does Not Rely on Conjecture.**

Contrary to Plaintiff's vague assertion (ECF No. 7, Remand Br. at 2, PageID99), Tea's removal rests on established law, not conjecture. As explained above, Plaintiff does not dispute that Tea satisfied the procedural requirements for removal, and Section 1441(b)(1) requires that this Court disregard the Doe

[4] Contrary to Plaintiff's citation, *Johnson* was decided by the United States District Court for the Eastern District of Virginia, not Kentucky.

Defendants' citizenship. In addition, Plaintiff appears to concede that the amount-in-controversy requirement has been satisfied and did not submit a signed and itemized statement of damages as required under L.R. 81.1(d) if he contended otherwise.

Plaintiff's citation to *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1252 (6th Cir. 1996), *amended on denial of reh'g*, No. 95-5120, 1998 WL 117980 (6th Cir. Jan. 15, 1998), does not change this conclusion. *Musson* concerns the limits of "arising under" jurisdiction. *Musson*, 89 F.3d at 1252 ("For federal jurisdiction to exist, unless citizenship is diverse, a plaintiff's well-pleaded complaint must raise an issue 'arising under' the laws of the United States; the presence of a federal *defense* is inadequate.") (emphasis in original). That doctrine is wholly unrelated to removal based on diversity jurisdiction. Nothing in *Musson* supports remand or undermines the removal here.

### C. The Court Should Not Hold Removal in Abeyance.

The Court should deny Plaintiff's request to hold Defendant Tea's removal "in abeyance" because the Circuit Court for the County of Wayne (the "State Court") has already been divested of jurisdiction. Upon Tea's filing of the Notice, this case was automatically removed to this Court and the State Court immediately lost jurisdiction. *Zolman v. United States*, 170 F. Supp. 2d 746, 752 (W.D. Mich. 2001) ("removal is automatically effected"); *Rosas v. Michigan Dep't of Health & Hum.*

*Servs.*, No. 1:24-CV-11400, 2024 WL 5298284, at *3 (E.D. Mich. Nov. 20, 2024), ("upon the filing of a sufficient removal petition, the state court's jurisdiction immediately and totally ceases"), *report and recommendation adopted,* No. 1:24-CV-11400, 2024 WL 5136894 (E.D. Mich. Dec. 17, 2024). Since the State Court no longer has jurisdiction, it "shall proceed no further unless and until the case is remanded." 28 U. S. C. § 1446(d); *see also Roman Cath. Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano*, 589 U.S. 57, 63–64 (2020) ("The state court 'los[es] all jurisdiction over the case, and, being without jurisdiction, its subsequent proceedings and judgment [are] not . . . simply erroneous, but absolutely void.'" (quoting *Kern v. Huidekoper*, 103 U.S. 485, 493 (1881)) (alterations in original). Simply put, removal cannot be "held in abeyance." Therefore, Plaintiff's request to hold removal in abeyance should be denied.

## IV. CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Motion to Remand or, in the Alternative, to Hold in Abeyance.

                                                Respectfully submitted,

Dated: October 10, 2025        */s/ Katherine L. Pullen*
                                            Katherine L. Pullen (P74511)
                                            Amber J. Krupp (P88317)
                                            WARNER NORCROSS + JUDD LLP
                                            2715 Woodward Avenue, Suite 300
                                            Detroit, Michigan 48201
                                            (313) 546-6000
                                            kpullen@wnj.com
                                            akrupp@wnj.com

                                            */s/ Admission to be sought for:*
                                            Bethany G. Lukitsch
                                            Baker & Hostetler LLP
                                            1900 Avenue of the Stars
                                            Suite 2700
                                            Los Angeles, CA  90067-4301
                                            310.442.8856
                                            blukitsch@bakerlaw.com

                                            Cameron S Friedman
                                            Baker & Hostetler LLP
                                            45 Rockefeller Plaza
                                            New York, NY  10111
                                            212.589.4667
                                            cfriedman@bakerlaw.com

## CERTIFICATE OF SERVICE

Katherine L. Pullen states that on October 10, 2025, she caused to be filed the foregoing document and this Certificate of Service via the court's electronic filing system, which will send notification of such filing to all parties on record.

I declare that the above statement is true to the best of my knowledge, information and belief.

*/s/ Katherine L. Pullen*
Katherine L. Pullen