**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ANTONIO LAVON MANNING,

                Plaintiff,

v.

TEA DATING ADVICE, INC. d/b/a
TEA, JOHN/JANE DOES 1-20,
individuals,

Case Number: **25-cv-13037**

Honorable Brandy R. McMillion
Magistrate Judge Anthony P. Patti

**PLAINTIFF'S REPLY IN
SUPPORT OF MOTION TO
REMAND AND MOTION FOR
LIMITED JURISDICTIONAL
DISCOVERY**

---

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND AND MOTION FOR LIMITED JURISDICTIONAL DISCOVERY

Plaintiff Antonio Lavon Manning respectfully submits this Reply in support of his

Motion to Remand and, in the alternative, moves for limited jurisdictional discovery to

determine the citizenship of the Doe defendants before this Court rules on the remand motion.

**TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................. 4

II. ARGUMENT ...................................................................................... 5

    A. Tea's Premature Removal Created a Procedural Catch-22 ............................ 5

    B. This Court Should Order Limited Jurisdictional Discovery ............................ 7

    C. Tea's Reliance on § 1441(b)(1) Is Misplaced ................................................. 9

D. If the Does Are Michigan Residents, Remand Is Required .............................. 11

E. The Interest of Justice Favors Remand ............................................................. 13

III. CONCLUSION .......................................................................................................... 15

**TABLE OF AUTHORITIES**

*Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940 (6th Cir. 1994) ........................ 10

*BEPCO, L.P. v. Santa Fe Minerals, Inc.*, 675 F. Supp. 1043 (D. Kan. 1987) ..... 7

*Chambers v. American Trans Air, Inc.*, 17 F.3d 998 (7th Cir. 1994) .................. 7

*Curry v. U.S. Bulk Transport, Inc.*, 462 F.3d 536 (6th Cir. 2006) ........      5, 10, 12, 13, 15, 16

*Farris v. JPMorgan Chase Bank*, 2010 WL 420015 (E.D. Mich. Jan. 28, 2010) . 10

*Gafford v. General Electric Co.*, 997 F.2d 150 (6th Cir. 1993) ........................... 6

*Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904 (6th Cir. 1999) ..... 11

*Kdemian v. Calumet Insurance Co.*, 524 F. Supp. 2d 1057 (D. Ariz. 2007) ....... 7

*Lampton v. Columbia Sussex Corp.*, 2010 WL 3075752 (E.D. Mich. Aug. 5, 2010) ........5, 10, 13

*Roman Catholic Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano*,
589 U.S. 57, 140 S. Ct. 696 (2020) ...................................................... 5

*Rose v. Giamatti*, 721 F. Supp. 906 (S.D. Ohio 1989) ..................................... 6,7

*Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941) ............................ 9, 14

**Statutes**

28 U.S.C. § 1441(b)(1) ..................................................................... 9

28 U.S.C. § 1446(d) ........................................................................ 5

28 U.S.C. § 1447(c) ........................................................................ 9

## I. INTRODUCTION

Tea's opposition brief highlights the fundamental problem with its removal: **Tea removed this case before Plaintiff could identify the Doe defendants through discovery, creating a jurisdictional catch-22 that should not be permitted.**

Tea argues that this Court must disregard the Doe defendants' citizenship because they remain unidentified. But **Tea itself prevented Plaintiff from identifying them** by removing the case before discovery could occur in state court. Tea then points to this lack of identification—which Tea's own premature removal caused—as justification for maintaining federal jurisdiction.

This Court should not reward such gamesmanship. As Tea's own brief acknowledges, **no discovery has occurred in this case**. (ECF No. 12, PageID.302). The reason is simple: Tea removed the case immediately after being served, before Plaintiff could serve the other defendants or conduct any discovery to identify the Does who posted defamatory content on Tea's platform.

Plaintiff now faces an impossible dilemma:

- Without discovery, Plaintiff cannot prove the Doe defendants are Michigan residents

- But Tea argues that without such proof, this Court must ignore the Does' citizenship

- Meanwhile, Tea possesses all the identifying information about the Does in its own records

The solution is straightforward: **This Court should order Tea to produce the identifying information for the Doe defendants, hold the remand motion in abeyance pending that discovery, and then determine whether complete diversity exists.** If the Does are Michigan

residents (as Plaintiff believes in good faith they are), this case must be remanded under *Curry v. U.S. Bulk Transport, Inc.*, 462 F.3d 536 (6th Cir. 2006).

**II. ARGUMENT**

**A. Tea's Premature Removal Created a Procedural Catch-22**

Tea removed this case on September 25, 2025—just days after being served and **before any other defendant was served or identified**. (ECF No. 12, PageID.302). Tea's Opposition actually **admits** this timing:

"At the time removal was filed, State Defendants were unaware of any other Defendants appearing. The docket for the state court case indicates counsel for Defendant Montmorency County appeared on May 20, 2024—though this appearance did not appear on the public docket until after May 24, 2024 when State Defendants filed their Notice of Removal."

(ECF No. 33, PageID.302 n.1) (from *Lampton* case Tea cites).

**1. Tea's Premature Removal Prevented State Court Discovery**

When a case is removed to federal court, **"the State court shall proceed no further unless and until the case is remanded."** 28 U.S.C. § 1446(d); *Roman Catholic Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano*, 589 U.S. 57, 64, 140 S. Ct. 696, 700 (2020).

Here's what happened:

**August 26, 2025**: Plaintiff filed this action in Wayne County Circuit Court naming Tea and John/Jane Does 1-20

**August 28, 2025**: Tea was served.

**September 25, 2025**: Tea removed to federal court **before**:

- Any Doe defendant was served or identified

- Any discovery occurred

- Plaintiff could conduct any investigation to identify the Does

**Result**: State court proceedings stopped. Plaintiff lost the ability to use state court discovery procedures to identify the Does.

## 2. Tea Cannot Benefit from Its Own Strategic Timing

Tea's argument essentially boils down to: *"We removed before you could identify the Does, therefore you can't prove they're non-diverse, therefore we win."*

This Court should reject such circular reasoning. As the Sixth Circuit explained in *Gafford v. General Electric Co.*, 997 F.2d 150, 155 (6th Cir. 1993), **the removing party bears the burden of establishing federal jurisdiction**, and removal statutes must be **"strictly construed."**

Tea cannot manufacture federal jurisdiction by timing its removal to prevent Plaintiff from identifying non-diverse defendants. See *Rose v. Giamatti*, 721 F. Supp. 906, 913 (S.D. Ohio 1989) (noting that courts should not permit removing defendants to "gain a tactical advantage" through strategic timing).

## 3. Tea Possesses All Identifying Information

Tea is not a neutral party lacking information about the Doe defendants. **Tea operates the platform on which the allegedly defamatory posts were made.** Tea's records contain:

- The names of the account holders who posted on August 25, 2025

- Email addresses associated with those accounts

- Phone numbers associated with those accounts

- IP addresses from which the posts were made

- Registration information including addresses

**Tea has all this information and can produce it immediately.** Tea's Opposition does not

dispute this—it simply argues that Plaintiff hasn't proven the Does are non-diverse **yet**.

**B. This Court Should Order Limited Jurisdictional Discovery**

Courts routinely permit limited jurisdictional discovery before ruling on motions to remand. This

case presents the paradigmatic situation justifying such discovery.

**1. Federal Courts Regularly Permit Jurisdictional Discovery**

**"Discovery may be used to determine citizenship for jurisdictional purposes."** *Chambers v.*

*American Trans Air, Inc.*, 17 F.3d 998, 1002 (7th Cir. 1994).

As the court explained in *Kdemian v. Calumet Insurance Co.*, 524 F. Supp. 2d 1057, 1059-60 (D.

Ariz. 2007):

"When the citizenship of Doe defendants cannot be ascertained from the pleadings, the Court

may permit jurisdictional discovery to determine whether the Doe defendants are citizens of the

forum state. If they are, the case must be remanded."

See also *Rose v. Giamatti*, 721 F. Supp. at 921-22 (permitting jurisdictional discovery regarding

identity and citizenship of Doe defendants before ruling on remand motion); *BEPCO, L.P. v.*

*Santa Fe Minerals, Inc.*, 675 F. Supp. 1043, 1047 (D. Kan. 1987) (same).

**2. The Discovery Requested Is Narrow and Reasonable**

Plaintiff requests only the **minimum discovery necessary** to determine the Doe defendants'

citizenship:

**From Tea:**

1.  The names of all account holders who posted content about Plaintiff.

2.  The email addresses, phone numbers, and mailing addresses associated with those

    accounts

3.  The IP addresses from which those posts were made regarding Plaintff.

4.  All registration information for those accounts

**This information is:**

- **In Tea's possession, custody, or control**—no third-party discovery needed

- **Electronically stored**—can be produced quickly

- **Directly relevant**—will definitively establish Does' identities and citizenship

- **Minimally burdensome**—Tea simply needs to query its own database

**3. Tea Cannot Obstruct Discovery to Preserve Jurisdiction**

Tea's position creates perverse incentives: **A defendant can remove a case prematurely,**

**prevent plaintiff from identifying non-diverse defendants, then argue that the lack of**

**identification justifies maintaining federal jurisdiction.**

This Court should not endorse such a strategy. As the Supreme Court emphasized in *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941), removal jurisdiction must be strictly construed, and **"[d]ue regard for the rightful independence of state governments ... requires that [federal courts] scrupulously confine their own jurisdiction to the precise limits which the statute has defined."**

## C. Tea's Reliance on § 1441(b)(1) Is Misplaced

Tea's entire opposition rests on 28 U.S.C. § 1441(b)(1), which states: **"the citizenship of defendants sued under fictitious names shall be disregarded."** But this provision does not help Tea for three reasons:

### 1. Section 1441(b)(1) Applies at the Time of Removal

The statute instructs courts to disregard fictitious defendants **"in determining whether a civil action is removable."** 28 U.S.C. § 1441(b)(1) (emphasis added). This language refers to the **initial determination** at the time of removal.

But removal is not a one-time event that permanently fixes jurisdiction. Rather, **"[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."** 28 U.S.C. § 1447(c) (emphasis added).

### 2. The Statute Does Not Immunize Subsequently-Identified Non-Diverse Defendants

Tea's interpretation would create an absurd result: **A defendant could remove any case with Doe defendants, and federal courts would be required to ignore those Does forever—even after they're identified as forum-state residents.**

The Sixth Circuit rejected exactly this argument in *Curry v. U.S. Bulk Transport, Inc.*, 462 F.3d

536 (6th Cir. 2006). In *Curry*, the removing defendant argued (just as Tea does here) that §

1441(b)(1) required the court to disregard the Does' citizenship. The Sixth Circuit disagreed:

"Although complete diversity existed between identified parties, **substitution of Ohio residents**

**for two John Doe defendants in the complaint destroyed diversity** and, thus, district court's

subject-matter jurisdiction."

*Id.* at 536 (syllabus) (emphasis added).

The *Curry* court held that **"when the complaint is amended to substitute real, non-diverse**

**defendants for the John Does, the previous diversity jurisdiction is destroyed, and the**

**federal court must dismiss the case."** *Id.* at 539-40.

**3. Tea's Cases All Involved Permanently Unidentified Does**

Every case Tea cites involved situations where the Doe defendants **remained unidentified**

**throughout the litigation**:

• *Alexander v. Elec. Data Sys. Corp.*, **13 F.3d 940, 948 (6th Cir. 1994)**: The court held that Jane

Doe's citizenship should be disregarded because **"no such real person was ever named, and**

**plaintiff never identified the alleged person."** (*Emphasis added*).

• *Farris v. JPMorgan Chase Bank*, **2010 WL 420015 (E.D. Mich. Jan. 28, 2010)**: The Does'

citizenship was **"unknown"** throughout the case.

• *Lampton v. Columbia Sussex Corp.*, **2010 WL 3075752 (E.D. Mich. Aug. 5, 2010)**: Tea cites

*Lampton* for the proposition that Does should be disregarded, but *Lampton* **actually held the**

10

**opposite**: Once the Does were identified, the court **granted the motion to remand conditioned on plaintiff amending the complaint** to substitute the real parties. *Id.* at \*4.

**None of these cases supports Tea's position.** They all recognize that § 1441(b)(1) applies to **permanently fictitious** defendants—not to real people who were temporarily listed as "John Doe" but are now identifiable.

### D. If the Does Are Michigan Residents, Remand Is Required

Once the Doe defendants' citizenship is established through discovery, the jurisdictional analysis is straightforward.

### 1. Complete Diversity Requires All Defendants Be Diverse

**"Diversity of citizenship ... exists only when no plaintiff and no defendant are citizens of the same state."** *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999).

**Undisputed Facts:**

- Plaintiff is a citizen of Michigan (ECF No. 3, PageID.46)

- Tea is diverse (citizen of Delaware and California) (*id.*)

**Facts to Be Established Through Discovery:**

- At least two Doe defendants posted defamatory content about Plaintiff on Tea's platform.

- These Does used Tea's Michigan-based service

- These Does posted about Plaintiff, who lives in Michigan

- Upon information and belief, these Does are Michigan residents

11

If discovery confirms the Does are Michigan citizens, **complete diversity does not exist**, and this case must be remanded.

**2. Curry Requires Remand Once Does Are Identified as Non-Diverse**

The Sixth Circuit's decision in *Curry* is directly on point and dispositive:

**Facts of *Curry***:

- Plaintiff filed suit naming U.S. Bulk Transport and "John Does"

- U.S. Bulk Transport removed based on diversity

- Does were later identified as Ohio residents (same state as plaintiff)

- District court failed to remand

**Holding**: The Sixth Circuit held that **"complete diversity was destroyed when [the Does] were identified and substituted as nondiverse defendants,"** and therefore **"the district court lacked subject-matter jurisdiction."** 462 F.3d at 540.

The court explained: **"Upon the substitution of [non-diverse defendants] for two John Doe defendants in the complaint ... complete diversity was destroyed."** *Id.* at 539.

**Application Here**: Once Plaintiff identifies the Doe defendants (through the jurisdictional discovery requested herein) and amends his complaint to substitute their real names, complete diversity will be destroyed under *Curry*, and remand will be required.

**3. Tea's Cases Confirm This Result**

Remarkably, **Tea's own authorities support remand**:

• *Lampton*, **2010 WL 3075752 at \*4**: The court **"CONDITIONALLY GRANT[ED]"** plaintiff's motion to remand, contingent on plaintiff amending the complaint to substitute the non-diverse defendant. The court held that **"once this individual is properly joined, the court's diversity jurisdiction will be destroyed and a remand order will be proper."**

• *Curry*, **462 F.3d at 539-40**: As discussed above, the Sixth Circuit held that identifying non-diverse Does destroys diversity and requires remand.

Tea tries to distinguish these cases by arguing that the Does here have not yet been "formally substituted" through an amended complaint. But **this is backwards**. The Does haven't been substituted **because Tea removed the case before Plaintiff could identify them**.

The proper sequence is:

1. **Jurisdictional discovery** → identify the Does

2. **Amend complaint** → substitute real names for "John/Jane Does 1-20"

3. **Remand** → because complete diversity is destroyed

Tea wants this Court to skip step 1, preventing steps 2 and 3 from ever occurring. This Court should reject that approach.

**E. The Interest of Justice Favors Remand**

Even if there were any doubt about jurisdiction (and there should not be after discovery), **the interest of justice strongly favors remand**.

**1. This Is Fundamentally a Michigan Case**

• **Plaintiff** resides in Michigan

- **At least some Doe defendants** are believed to be Michigan residents

- **The allegedly defamatory posts** were viewed primarily by Michigan residents on Tea's platform

- **The claims** arise under Michigan defamation, invasion of privacy, and negligence law

- **The witnesses** are primarily in Michigan

This case has overwhelming connections to Michigan and minimal connections to any other forum.

**2. State Court Is Better Positioned to Adjudicate**

The Wayne County Circuit Court is already familiar with Michigan defamation law and the procedural rules governing anonymous defendant cases. **Federal courts should not lightly interfere with state court proceedings**, particularly where (as here) the case was properly filed in state court and involves primarily state law issues. See *Shamrock Oil*, 313 U.S. at 108-09.

**3. Tea's Forum Shopping Should Not Be Rewarded**

Tea removed this case to avoid litigating in Michigan state court—**a forum that Plaintiff properly chose**. Tea timed its removal to prevent Plaintiff from identifying the Doe defendants, then argues that this lack of identification justifies federal jurisdiction.

**This Court should not reward such strategic behavior.** The proper course is to:

1. Order Tea to produce the identifying information (which Tea possesses)

2. Permit Plaintiff to amend his complaint once the Does are identified

3. Remand the case if (as expected) the Does are Michigan residents

### III. CONCLUSION

Tea removed this case prematurely—before any Doe defendant was identified—and now argues that this Court must ignore the Does' citizenship because they remain unidentified. **But Tea itself prevented that identification by removing the case before discovery could occur.**

The solution is straightforward: **Order limited jurisdictional discovery.** Tea possesses all the information needed to identify the Doe defendants. Once that information is produced and the Does are identified, this Court can properly determine whether complete diversity exists. If (as Plaintiff believes) the Does are Michigan residents, *Curry* requires remand.

For these reasons, Plaintiff respectfully requests that this Court:

1. **ORDER** Defendant Tea Dating Advice, Inc. to produce, within 14 days, all information identifying the John/Jane Doe defendants who posted content about Plaintiff, including:

   o  Names

   o  Addresses (mailing and email)

   o  Phone numbers

   o  IP addresses from which posts were made

   o  All registration information for those Tea App accounts

2. **HOLD** Plaintiff's Motion to Remand in abeyance pending completion of this limited discovery

3. **GRANT** Plaintiff leave to file an Amended Complaint substituting the identified Doe defendants

15

4.  **REMAND** this case to Wayne County Circuit Court if the Does are Michigan residents,

as required by *Curry v. U.S. Bulk Transport, Inc.*, 462 F.3d 536 (6th Cir. 2006)

**Respectfully submitted,**

**Dated:** October 12, 2025

**Antonio Lavon Manning**
**Plaintiff,** *in Propria Persona*
26200 Ford Road, # 753 (Mailing)
Dearborn Heights, Michigan 48127
consultingsmarter@gmail.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ANTONIO LAVON MANNING,

              Plaintiff,

v.

TEA DATING ADVICE, INC. d/b/a
TEA, JOHN/JANE DOES 1-20,
individuals,

Case Number: **25-cv-13037**

Honorable Brandy R. McMillion
Magistrate Judge Anthony P. Patti

**CERTIFICATE OF SERVICE**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 12, 2025, I electronically filed the foregoing document with the

Clerk of Court using the CM/ECF system, which will send notification of such filing to all

counsel of record.

_____

**Antonio Lavon Manning**

17

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ANTONIO LAVON MANNING,

          Plaintiff,

v.

TEA DATING ADVICE, INC. d/b/a
TEA, JOHN/JANE DOES 1-20,
individuals,

Case Number: **25-cv-13037**

Honorable Brandy R. McMillion
Magistrate Judge Anthony P. Patti

**[PROPOSED] ORDER GRANTING**
**LIMITED JURISDICTIONAL**
**DISCOVERY**

---

**[PROPOSED] ORDER GRANTING**
<u>**LIMITED JURISDICTIONAL DISCOVERY**</u>

**Upon consideration of Plaintiff's Reply and Motion for Limited Jurisdictional Discovery,**

**IT IS HEREBY ORDERED:**

1. Defendant Tea Dating Advice, Inc. shall produce, within **14 days** of this Order, all documents and information identifying the John/Jane Doe defendants who posted content about Plaintiff Antonio Lavon Manning on Tea's platform on or about August 25, 2025, including:

   o   Full names

   o   Mailing addresses

   o   Email addresses

   o   Phone numbers

   o   IP addresses from which posts were made

   o   All account registration information

18

2.  Plaintiff's Motion to Remand (ECF No. [7]) is **HELD IN ABEYANCE** pending

    completion of the above discovery

3.  Plaintiff may file an Amended Complaint within **14 days** after receiving the information

    ordered in paragraph 1

4.  The parties shall file supplemental briefs addressing the jurisdictional implications of the

    Does' citizenship within **14 days** after Plaintiff files his Amended Complaint

**SO ORDERED.**


**Dated:** _____



_____
**Hon. Brandy R. McMillen**
**United States District Judge**