**EXHIBIT # A**

**CORRECTED REPLY BRIEF IN COMPLAINCE WITH COURT RULES AND PROCEDURES**

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| ANTONIO LAVON MANNING, | Case Number: **25-cv-13037** |
| Plaintiff, | Honorable Brandy R. McMillion |
| | Magistrate Judge Anthony P. Patti |
| v. | |
| TEA DATING ADVICE, INC. d/b/a TEA, JOHN/JANE DOES 1-20, individuals, | **PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND AND MOTION FOR LIMITED JURISDICTIONAL DISCOVERY** |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND AND MOTION FOR LIMITED JURISDICTIONAL DISCOVERY**

**TABLE OF CONTENTS**

I.   **TABLE OF AUTHORITIES**……………………………..

II.  **ARGUMENT** ............................................................................   2

   A. Tea's Premature Removal Created a Procedural Catch-22 .....   2

   B. This Court Should Order Limited Jurisdictional Discovery....   4

   C. Tea's Reliance on § 1441(b)(1) Is Misplaced......................   6

   D. If the Does Are Michigan Residents, Remand Is Required.....   8

   E. The Interest of Justice Favors Remand........................   9

III. **CONCLUSION** ..................................................................   10

2

## TABLE OF AUTHORITIES

### Cases

Alexander v. Elec. Data Sys. Corp., 13 F.3d 940 (6th Cir. 1994) .................... 8

Chambers v. American Trans Air, Inc., 17 F.3d 998 (7th Cir. 1994) ............. 4

Curry v. U.S. Bulk Transport, Inc., 462 F.3d 536 (6th Cir. 2006) .... 2, 7, 8, 10

Gafford v. General Electric Co., 997 F.2d 150 (6th Cir. 1993) ..................... 2

Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C., 176 F.3d 904 (6th Cir. 1999) .. 8

Kdemian v. Calumet Insurance Co., 524 F. Supp. 2d 1057 (D. Ariz. 2007) .. 4

Lampton v. Columbia Sussex Corp., 2010 WL 3075752

(E.D. Mich. Aug. 5, 2010)................................................................................ 8

Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941) ........................... 5, 9

Statutes 28 U.S.C. § 1441(b)(1) ..................................................................... 6

28 U.S.C. § 1446(d) ..................................................................... 2

28 U.S.C. § 1447(c) ..................................................................... 6

Plaintiff Antonio Lavon Manning respectfully submits this Reply in support of his Motion to Remand and, in the alternative, moves for limited jurisdictional discovery to determine the citizenship of the Doe defendants before this Court rules on the remand motion.

I. **INTRODUCTION**

Tea removed this case before Plaintiff could identify the Doe defendants, creating a jurisdictional catch-22. Tea argues the Court must disregard the Does' citizenship because they're unidentified—yet **Tea itself prevented identification by removing before discovery.** Tea possesses all identifying information in its records but points to this lack of identification (which its premature removal caused) as justification for federal jurisdiction.

This Court should not reward such gamesmanship. The solution is straightforward: order Tea to produce the identifying information for the Doe defendants, hold the remand motion in abeyance pending that discovery, and determine whether complete diversity exists.

If the Does are Michigan residents (as Plaintiff believes), remand is required under Curry v. U.S. Bulk Transport, Inc., 462 F.3d 536 (6th Cir. 2006).

4

## II. ARGUMENT

*A. Tea's Premature Removal Created a Procedural Catch-22*

Tea removed on September 25, 2025—just days after being served and before any other defendant was served or identified. When removed, state court proceedings stopped per 28 U.S.C. § 1446(d). Plaintiff lost the ability to use state court discovery to identify the Does. Tea's argument boils down to: "**We removed before you could identify the Does, therefore you can't prove they're non-diverse, therefore we win**." This circular reasoning should be rejected. As the Sixth Circuit explained in Gafford v. General Electric Co., 997 F.2d 150, 155 (6th Cir. 1993), the removing party bears the burden of establishing federal jurisdiction, and removal statutes must be strictly construed. Tea operates the platform where the allegedly defamatory posts were made. Tea's records contain all identifying information: names, addresses, email addresses, phone numbers, IP addresses, and registration information. Tea has this information and can produce it immediately.

*B. This Court Should Order Limited Jurisdictional Discovery*

Courts routinely permit limited jurisdictional discovery before ruling on remand motions

> "Discovery may be used to determine citizenship for jurisdictional purposes." Chambers v. American Trans Air, Inc., 17 F.3d 998, 1002 (7th Cir. 1994). As explained in Kdemian v. Calumet Insurance Co., 524 F. Supp. 2d 1057, 1059-60 (D. Ariz. 2007): "When the citizenship of Doe defendants cannot be ascertained from the pleadings, the Court may permit

5

> jurisdictional discovery to determine whether the Doe defendants are citizens of the forum state. If they are, the case must be remanded."

Plaintiff requests only the minimum discovery necessary: (1) names of account Holders who posted about Plaintiff, (2) email addresses, phone numbers, and mailing addresses, (3) IP addresses from which posts were made, and (4) all registration information. This information is in Tea's possession, electronically \ stored, and directly relevant to establishing the Does' citizenship.

Tea's position creates perverse incentives: remove prematurely, prevent plaintiff from identifying non-diverse defendants, then argue lack of identification justifies federal jurisdiction. This Court should not endorse such strategy. As emphasized in Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941), removal jurisdiction must be strictly construed.

*C. Tea's Reliance on § 1441(b)(1) Is Misplaced*

Tea's opposition rests on 28 U.S.C. § 1441(b)(1), which states "the citizenship of defendants sued under fictitious names shall be disregarded." This provision doesn't help Tea.

*First*, the statute instructs courts to disregard fictitious defendants "in determining whether a civil action is removable"—referring to the initial determination at removal. But removal isn't a one-time event that permanently fixes jurisdiction. Rather, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

6

*Second*, Tea's interpretation would create an absurd result: any defendant could remove any case with Doe defendants, and federal courts would ignore those Does forever—even after identification as forum-state residents. The Sixth Circuit rejected exactly this argument in Curry, 462 F.3d 536. There, the removing defendant argued § 1441(b)(1) required disregarding Does' citizenship.

The Sixth Circuit disagreed:
"Although complete diversity existed between identified parties, substitution of Ohio residents for two John Doe defendants in the complaint destroyed diversity and, thus, district court's subject-matter jurisdiction." Id. at 536.

The court *further* held that

> "when the complaint is amended to substitute real, non-diverse defendants for the John Does, the previous diversity jurisdiction is destroyed, and the federal court must dismiss the case." Id. at 539-40.

*Third*, every case Tea cites involved permanently unidentified Does. In Alexander v. Elec. Data Sys. Corp., 13 F.3d 940, 948 (6th Cir. 1994), the court held Jane Doe's citizenship should be disregarded because "no such real person was ever named, and plaintiff never identified the alleged person." Lampton v. Columbia Sussex Corp., 2010 WL 3075752 (E.D. Mich. Aug. 5, 2010), which Tea cites, actually supports remand: once the Does were identified, the court granted the motion to remand conditioned on plaintiff amending the complaint to substitute real parties. Id. at *4.

*D. If the Does Are Michigan Residents, Remand Is Required*

7

"Diversity of citizenship... exists only when no plaintiff and no defendant are citizens of the same state." Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C., 176 F.3d 904, 907 (6th Cir. 1999). Plaintiff is a Michigan citizen. Tea is diverse (Delaware/California). Upon information and belief, at least some Does are Michigan residents who posted about Plaintiff on Tea's Michigan-based service. Curry is directly on point. There, plaintiff filed suit naming U.S. Bulk Transport and "John Does." U.S. Bulk Transport removed based on diversity. Does were later identified as Ohio residents (same state as plaintiff). The Sixth Circuit held that "complete diversity was destroyed when [the Does] were identified and substituted as nondiverse defendants," and therefore "the district court lacked subject-matter jurisdiction." 462 F.3d at 540. Once Plaintiff identifies the Does and amends his complaint to substitute their real names, complete diversity will be destroyed under Curry, and remand will be required.

*E. The Interest of Justice Favors Remand*

This is fundamentally a Michigan case: Plaintiff resides in Michigan, Does are believed to be Michigan residents, the posts were viewed primarily by Michigan residents, the claims arise under Michigan law, and witnesses are primarily in Michigan. This case has overwhelming connections to Michigan and minimal connections to any other forum. Wayne County Circuit Court is familiar with Michigan defamation law and procedural rules governing anonymous defendant

8

cases. Federal courts should not lightly interfere with state court proceedings, particularly where the case was properly filed in state court and involves primarily state law issues. See Shamrock Oil, 313 U.S. at 108-09. Tea removed to avoid Michigan state court—a forum Plaintiff properly chose. Tea timed its removal to prevent identifying the Does, then argues this lack of identification justifies federal jurisdiction. This Court should not reward such behavior.

### III. CONCLUSION

Tea's premature removal created this problem. The solution is straightforward: order limited jurisdictional discovery. Tea possesses all information needed to the Doe defendants. Once produced and the Does identified, this Court can properly determine whether complete diversity exists. If the Does are Michigan residents, Curry requires remand.

Plaintiff respectfully requests that this Court:

1. **ORDER** Tea to produce, within 14 days, all information identifying the John/Jane Doe defendants who posted content about Plaintiff, including: names, addresses (mailing and email), phone numbers, IP addresses from which posts were made, and all registration information for those accounts;

2. **HOLD** Plaintiff's Motion to Remand in abeyance pending completion of this limited discovery;

3. **GRANT** Plaintiff leave to file an Amended Complaint substituting the identified

9

Doe defendants;

4. **REMAND** this case to Wayne County Circuit Court if the Does are Michigan residents, as required by Curry v. U.S. Bulk Transport, Inc., 462 F.3d 536 (6th Cir. 2006).

Respectfully submitted,

Dated: October 22, 2025

_____
**Antonio Lavon Manning**
**Plaintiff,** *in Propria Persona*
26200 Ford Road, # 753 (Mailing)
Dearborn Heights, Michigan 48127
consultingsmarter@gmail.com

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| ANTONIO LAVON MANNING, | Case Number: **25-cv-13037** |
| Plaintiff, | Honorable Brandy R. McMillion |
| | Magistrate Judge Anthony P. Patti |
| v. | |
| TEA DATING ADVICE, INC. d/b/a TEA, JOHN/JANE DOES 1-20, individuals, | **CERTIFICATE OF SERVICE** |

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 22, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

_____
**Antonio Lavon Manning**