# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ANTONIO LAVON MANNING,

    Plaintiff,

v.

TEA DATING ADVICE, INC. d/b/a TEA, JOHN/JANE DOES 1-20, individuals,

    Defendants.

Case No.: 2:25-cv-13037-BRM-APP

Hon.: Brandy R. McMillion
Magistrate Judge Anthony P. Patti

---

## DEFENDANT TEA DATING ADVICE, INC.'S OBJECTION TO PLAINTIFF'S DECLARATION REGARDING AMOUNT IN CONTROVERSY

Plaintiff Antonio Manning ("Plaintiff")'s Declaration of Amount in Controversy ("Declaration") does not deprive this Court of jurisdiction because it does not limit his damages to less than $75,000. During the conference today, the Court conditioned remand on Plaintiff submitting a declaration certifying that he was not seeking relief exceeding $75,000.

Plaintiff did not comply. Plaintiff asserts that "[f]or purposes of determining federal diversity jurisdiction only" the amount in controversy does not exceed $75,000. (ECF No. 20 ¶ 2, PageID469.) Yet, in the next paragraph, Plaintiff makes clear that he may well seek more than $75,000 in damages and this declaration "shall not operate as a waiver, limitation, or restriction on any damages ultimately determined by a trier of fact in state court proceedings." (*Id.* ¶ 3, PageID469.) Plaintiff cannot have it both ways. Since Plaintiff will not agree to seek less than $75,000 in damages, the Court should infer that he seeks more than $75,000 in damages and deny his motion to remand. *Halsey v. AGCO Corp.*, 755 F. App'x 524, 528 (6th Cir. 2018) (finding that "it is telling that [the plaintiff] refused to deny that his damages exceeded $75,000" and applying an "inference that [the plaintiff] thinks his claims may be worth more than $75,000"); *see also Schwartz v. Encompass Indem. Co.*, No. 11-14101, 2011 WL 5025529, at *1–2 (E.D. Mich. Oct. 21, 2011) (denying motion to remand and stating that "[g]iven the opportunity to enter into a stipulation to remand the case to state court, Plaintiff's counsel refused, at least in

1

part because the stipulation required Plaintiff to cap his damages at $75,000.").

The Court should reject Plaintiff's Declaration and either retain jurisdiction or require Plaintiff to submit a "signed statement of damages claimed, itemizing all damages by category and amount, or, for those categories for which the plaintiff is unable to specify a precise amount, an estimate of the maximum amount and a detailed description of the factual basis for the estimate" as required under L.R. 81.1(d).

| | |
|---|---|
| Dated: October 29, 2025 | */s/Katherine L. Pullen*<br>Katherine L. Pullen (P74511)<br>Amber J. Krupp (P88317)<br>WARNER NORCROSS + JUDD LLP<br>2715 Woodward Avenue, Suite 300<br>Detroit, Michigan 48201<br>(313) 546-6000<br>kpullen@wnj.com<br>akrupp@wnj.com<br><br>*/s/ Admission to be sought for:*<br>Bethany G. Lukitsch<br>Baker & Hostetler LLP<br>1900 Avenue of the Stars<br>Suite 2700<br>Los Angeles, CA  90067-4301<br>310.442.8856<br>blukitsch@bakerlaw.com<br><br>Cameron S Friedman<br>Baker & Hostetler LLP<br>45 Rockefeller Plaza<br>New York, NY  10111<br>212.589.4667<br>cfriedman@bakerlaw.com |

2

## PROOF OF SERVICE

Katherine L. Pullen states that on October 29, 2025, she caused to be filed the foregoing document and this Certificate of Service via the court's electronic filing system, which will send notification of such filing to all parties on record.

I declare that the above statement is true to the best of my knowledge, information and belief.

*/s/ Katherine L. Pullen*
Katherine L. Pullen
