UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ANTONIO LAVON MANNING, | Case Number: **25-cv-13037** |
| Plaintiff, | Honorable Brandy R. McMillion<br>Magistrate Judge Anthony P. Patti |
| v. | |
| TEA DATING ADVICE, INC. d/b/a TEA, JOHN/JANE DOES 1-20, individuals, | **PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTION TO DECLARATION REGARDING AMOUNT IN CONTROVERSY** |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTION TO DECLARATION REGARDING AMOUNT IN CONTROVERSY

NOW COMES Plaintiff Antonio L. Manning, appearing in *propria persona*, and respectfully responds to Defendant Tea Dating Advice, Inc.'s Objection to Plaintiff's Declaration Regarding Amount in Controversy (ECF No. 21) as follows:

**I.   INTRODUCTION**

During the October 29, 2025 status conference, this Court requested that Plaintiff file a sworn declaration clarifying whether the amount in controversy exceeds $75,000 for purposes of determining diversity jurisdiction under *28 U.S.C. § 1332*. Plaintiff immediately complied by filing such declaration the same day. Defendant now objects, demanding that Plaintiff permanently and irrevocably cap all damages in perpetuity—including any recovery in state court proceedings—as a condition of remand. That

demand exceeds both the Court's directive and the requirements of federal jurisdictional law. Plaintiff respectfully requests that the Court reject Defendant's objection and proceed with remand.

**II.     ARGUMENT**

**I. PLAINTIFF FULLY COMPLIED WITH THE COURT'S DIRECTIVE**

1.      During the Court's October 29, 2025 status conference, the Court requested that Plaintiff file a sworn declaration clarifying whether the amount in controversy exceeds $75,000. Specifically, the Court instructed Plaintiff that he could state the amount "for the purposes of this motion"—referring to the pending Motion to Remand and the jurisdictional determination before the Court.

2.      On October 29, 2025, Plaintiff submitted such declaration, executed under penalty of perjury pursuant to *28 U.S.C. § 1746*, affirming that "for purposes of determining federal diversity jurisdiction only," the amount in controversy does not exceed seventy-five thousand dollars ($75,000.00). (ECF No. 20 ¶ 2.) Plaintiff's language tracks the Court's instruction precisely.

3.      Plaintiff's declaration directly and unambiguously answers the jurisdictional question posed by the Court. Plaintiff did not refuse, evade, or decline to provide the requested clarification. Plaintiff complied immediately and completely with the Court's directive as stated.

**II. DEFENDANT MISCHARACTERIZES THE COURT'S DIRECTIVE**

4. Defendant asserts that "the Court conditioned remand on Plaintiff submitting a declaration certifying that he was not seeking relief exceeding $75,000." (ECF No. 21 at 1.) That characterization is incomplete and misleading.

5.) The Court's actual instruction was that Plaintiff could state the amount "for the purposes of this motion"—that is, for purposes of the pending Motion to Remand and the jurisdictional determination. The Court did not instruct Plaintiff to permanently and irrevocably cap all damages in perpetuity, including amounts ultimately determined by a state court jury under Michigan law.

6. Plaintiff's declaration language—"for purposes of determining federal diversity jurisdiction only"—faithfully tracks the Court's instruction. Defendant now seeks to expand that instruction beyond what the Court actually said, demanding a permanent waiver of substantive state-law rights that the Court never required.

**III. DEFENDANT'S OBJECTION IMPROPERLY SEEKS TO EXPAND THE COURT'S DIRECTIVE BEYOND ITS JURISDICTIONAL PURPOSE**

7. Defendant objects, asserting that Plaintiff must permanently cap all damages—including any amounts ultimately awarded by a trier of fact in state court proceedings—or else the Court should infer that Plaintiff seeks damages exceeding the jurisdictional threshold. (ECF No. 21 at 1–2.) That assertion misstates both the Court's directive and controlling law.

8. The United States Supreme Court has long held that federal diversity jurisdiction depends upon the facts as they exist at the time of removal, not upon subsequent events

or speculative future recoveries. *St. Paul Mercury Indemnity Co. v. Red Cab Co*., 303 U.S. 283, 289–90 (1938) ("Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction."). Conversely, where a plaintiff's sworn statement at the time of removal clarifies that the amount in controversy does not exceed the jurisdictional threshold, federal diversity jurisdiction is defeated. See *Gafford v. General Electric Co., 997 F.2d 150, 157* (6th Cir. 1993) (holding that removing party bears burden of establishing federal jurisdiction by preponderance of evidence).

9. Plaintiff's declaration fully satisfies the Court's directive and clarifies that this case was never within the subject-matter jurisdiction of this federal court. Nothing in the Court's instruction—which was limited to "purposes of this motion"—required Plaintiff to waive or forfeit substantive rights under Michigan law once the case is remanded to Wayne County Circuit Court.

**IV. DEFENDANT'S CITED CASES ARE INAPPOSITE AND DISTINGUISHABLE**

10. Defendant's reliance on *Halsey v. AGCO Corp*., 755 F. App'x 524 (6th Cir. 2018) and *Schwartz v. Encompass Indem. Co*., No. 11-14101, 2011 WL 5025529 (E.D. Mich. Oct. 21, 2011) is misplaced. Those cases involved plaintiffs who affirmatively refused to clarify their damages or stipulate to amounts below the jurisdictional threshold.

11. In *Halsey*, the Sixth Circuit noted that "it is telling that [the plaintiff] refused to deny that his damages exceeded $75,000" and applied an inference based on that refusal. 755 F. App'x at 528 (emphasis added). Similarly, in *Schwartz*, the district court

emphasized that plaintiff's counsel "refused" to enter into a stipulation to cap damages. 2011 WL 5025529, at *1–2 (emphasis added).

12. Here, by contrast, Plaintiff did not refuse, evade, or decline. Plaintiff immediately complied with the Court's directive by filing a sworn declaration under penalty of perjury affirming that the amount in controversy does not exceed $75,000 for jurisdictional purposes. The distinction Defendant seeks to erase is dispositive.

13. Defendant cannot simultaneously argue that (a) Plaintiff's sworn declaration under penalty of perjury should be disregarded, and (b) the Court should instead infer Plaintiff's damages from his refusal to provide such a declaration. Plaintiff provided the declaration. The inference Defendant seeks is therefore inapplicable.

## V. DEFENDANT CONFLATES JURISDICTIONAL AMOUNT WITH SUBSTANTIVE RECOVERY

14. Defendant's objection conflates two distinct concepts: (a) the amount in controversy for determining subject-matter jurisdiction under 28 U.S.C. § 1332, and (b) the maximum recovery Plaintiff may seek on the merits in state court proceedings. The former is a threshold jurisdictional question answered by Plaintiff's declaration. The latter is a substantive question of Michigan state law to be determined by a Michigan state court.

15. Federal courts are courts of limited jurisdiction. ***Kokkonen v. Guardian Life Ins. Co. of Am.***, 511 U.S. 375, 377 (1994). They may not expand their authority beyond constitutional and statutory bounds. Id. The amount in controversy requirement of *28*

*U.S.C. § 1332(a)* serves a jurisdictional gatekeeping function—it determines whether the federal court has power to hear the case in the first instance.

16. Once that jurisdictional question is answered in the negative—as Plaintiff's declaration confirms—the federal court's authority ends. The case must be remanded to state court. *28 U.S.C. § 1447(c)* ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

17. Defendant's attempt to bootstrap a jurisdictional clarification into a permanent damages waiver finds no support in law or logic. If adopted, Defendant's position would improperly require plaintiffs to forfeit state-law remedies as the price of correcting improper removal. That cannot be the law.

## VI. PLAINTIFF'S DECLARATION LANGUAGE TRACKS ESTABLISHED PRACTICE

18. Plaintiff's careful limitation to "purposes of determining federal diversity jurisdiction only" (ECF No. 20 ¶ 2) is neither evasive nor improper. It tracks the precise language used by courts and litigants in jurisdictional declarations nationwide.

19. Courts universally recognize that jurisdictional declarations serve a narrow, technical purpose: determining whether the federal court has subject-matter jurisdiction at the time of removal. Such declarations do not—and cannot—bind state court juries in their assessment of damages under state law.

20. Plaintiff's further clarification that the declaration "shall not operate as a waiver, limitation, or restriction on any damages ultimately determined by a trier of fact in state

court proceedings" (ECF No. 20 ¶ 3) simply makes explicit what is already implicit in jurisdictional law: federal courts determine their own jurisdiction; they do not dictate substantive outcomes in state court.

21. Defendant cites no authority—because none exists—for the proposition that a plaintiff seeking remand must permanently and irrevocably surrender the right to recover damages awarded by a state court jury under state law.

**VII. PLAINTIFF'S SWORN DECLARATION IS ENTITLED TO DEFERENCE**

22. Plaintiff executed his declaration under penalty of perjury pursuant to *28 U.S.C. § 1746*. False statements in such declarations constitute federal crimes punishable by fine and imprisonment. *18 U.S.C. § 1621*.

23. Defendant's objection essentially accuses Plaintiff of perjury—asserting that Plaintiff's sworn statement is false or misleading and that the Court should disregard it in favor of speculation about what Plaintiff might seek in the future. That is improper.

24. Indeed, Defendant's reliance on assumption and speculation is what led to improper removal in the first place. Defendant removed this case based on speculative projections about damages Plaintiff might seek, rather than what Plaintiff actually sought. Now, confronted with Plaintiff's sworn declaration—made under penalty of perjury on the record before this Court—clarifying his actual intent, Defendant doubles down on speculation and asks the Court to disregard Plaintiff's sworn testimony. This approach would render jurisdictional declarations meaningless and reward removing parties for ignoring plaintiffs' clearly stated positions.

25. Absent evidence of fraud or bad faith—which Defendant has not alleged, much less proven—Plaintiff's sworn declaration is entitled to acceptance by the Court. See *St. Paul Mercury*, 303 U.S. at 288–89 (plaintiff's good faith in choosing amount of damages is presumed absent contrary showing).

## VIII. REMOVAL STATUTES MUST BE STRICTLY CONSTRUED AGAINST REMOVAL

26. Removal statutes derive from the Judiciary Act of 1875 and subsequent amendments, and must be "strictly construed against removal" out of "due regard for the rightful independence of state governments." **Shamrock Oil & Gas Corp. v. Sheets**, 313 U.S. 100, 108-09 (1941). The Supreme Court has consistently reaffirmed that "federal courts should interpret the removal statute narrowly, resolving any doubts against removability." **Mulcahey v. Columbia Organic Chems. Co**., 29 F.3d 148, 151 (4th Cir. 1994); accord **Burns v. Windsor Ins. Co**., 31 F.3d 1092, 1095 (11th Cir. 1994) ("Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly.").

27. As the removing party, Defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *Gafford v. General Electric Co*., 997 F.2d 150, 157 (6th Cir. 1993). Where, as here, the plaintiff provides a sworn declaration under penalty of perjury clarifying that the amount in controversy does not meet the jurisdictional threshold, and the defendant offers only speculation to the contrary, any doubt must be resolved in favor of remand.

## IX. REMAND IS REQUIRED UNDER 28 U.S.C. § 1447(c)

28. Section 1447(c) mandates remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." *28 U.S.C. § 1447(c).*

29. Plaintiff's sworn declaration establishes that the amount in controversy does not exceed $75,000 for purposes of diversity jurisdiction. Accordingly, this Court lacks subject-matter jurisdiction under *28 U.S.C. § 1332(a)*.

30. Defendant removed this case from Wayne County Circuit Court on September 25, 2025, asserting diversity jurisdiction. (ECF No. 1.) As the removing party, Defendant bore the burden of establishing federal jurisdiction by a preponderance of the evidence. *Gafford, 997 F.2d at 157*.

31. Plaintiff's declaration defeats that showing. The case must be remanded.

## X. DEFENDANT'S OBJECTION SEEKS AN IMPROPER ADVISORY OPINION

32. Even if the Court were inclined to require a permanent damages cap—which it should not—such a requirement would be advisory and unenforceable.

33. Once this case is remanded to Wayne County Circuit Court, that court—not this Court—will have exclusive jurisdiction over all substantive issues, including damages. This Court cannot bind the Wayne County Circuit Court or Michigan juries to federal pronouncements about state-law damages.

34. Any "cap" imposed as a condition of remand would therefore be meaningless: unenforceable in state court and beyond this Court's authority to impose. Defendant's

objection invites the Court to issue an advisory opinion with no legal effect. The Court should decline that invitation.

**CONCLUSION**

Plaintiff respectfully requests that the Court:

A. Reject Defendant's objection (ECF No. 21) as without merit;

B. Accept Plaintiff's Declaration Regarding Amount in Controversy (ECF No. 20) as satisfying the Court's directive;

C. Find that this Court lacks subject-matter jurisdiction under 28 U.S.C. § 1332(a);

D. Remand this case to the Wayne County Circuit Court pursuant to 28 U.S.C. § 1447(c); and

E. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Antonio Lavon Manning
Antonio Lavon Manning
**Plaintiff**, in *Propria Persona*
26200 Ford Road, # 753
Dearborn Heights, Michigan 48127

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Antonio Lavon Manning
Antonio Lavon Manning
**Plaintiff**, in *Propria Persona*