UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTONIO LAVON MANNING,

      Plaintiff,

Case No. 2:25-cv-13037

Hon. Brandy R. McMillion

v.

TEA DATING ADVICE, INC.,
JOHN AND JANE DOE (1-20),

      Defendants.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (ECF NO. 7) AND DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO DISMISS (ECF NO. 8)

This matter is before the Court on Plaintiff Antonio Lavon Manning's ("Plaintiff") Motion to Remand. ECF No. 7. Defendant Tea Dating Advice, Inc. ("Defendant") opposes the motion and has also filed a Motion to Dismiss (ECF No. 8). The Court held a Status Conference on October 29, 2025 to determine if (i) the Court had jurisdiction to decide the motion to dismiss, (ii) if jurisdictional discovery was necessary, and (iii) if the parties had discussed the issue of remand back to Wayne County Circuit Court. Based upon the representation of Plaintiff during that conference, the Court finds that it lacks jurisdiction over this matter and therefore

1

**GRANTS** the Motion to Remand (ECF No. 7) and **DENIES WITHOUT PREJUDICE** Defendant's Motion to Dismiss (ECF No. 8).[1]

## I.

This case concerns the posting of alleged false personal information on the Tea Dating application. Plaintiff originally filed a *pro se* civil suit in the Wayne County Circuit Court (Case No. 25-013290-CZ) against Defendant and included 20 unidentified John/Jane Doe defendants, who he claims posted the false information on the Tea Dating platform. *See generally* ECF No. 1, PageID.16-26. At the time of filing, Plaintiff also filed a Motion for Early Discovery to identify the Doe Defendants. *See id.* at PageID.27-36. Plaintiff believed that these unidentified defendants were residents of Michigan. *See* ECF No. 7, PageID.98-99. Before that motion could be decided, Defendant removed the action to this Court. *See* ECF No. 1.

## II.

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by [a] defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see* 28 U.S.C. § 1441(a). Original federal court jurisdiction arises based on either diversity of citizenship and the amount in controversy, or a

---

[1] The Court notes that all other pending motions (ECF Nos. 4, 17, 18) are terminated by operation of this Order of Remand.

federal question. *See* 28 U.S.C. §§ 1331, 1332(a). The removing party bears the burden of establishing federal court jurisdiction. *Mays v. City of Flint*, 871 F.3d 437, 442 (6th Cir. 2017). That said, courts strictly construe removal statutes, and "all doubts should be resolved against removal." *Id.*

Here, Defendant says there is diversity jurisdiction. ECF No. 1, PageID.3. Diversity jurisdiction exists when the amount in controversy exceeds $75,000 and the case is between citizens of different states. 28 U.S.C. § 1332. Defendant states that it is a corporation organized under the laws of the State of Delaware, with its principal place of business in San Francisco, California. ECF No. 1, PageID.4. It alleges that Plaintiff is a citizen and resident of the State of Michigan. *Id.* It also states that "[t]he citizenship of the Doe Defendants should be ignored because 'the citizenship of defendants sued under fictitious names shall be disregarded.'" *Id.* (citing 28 U.S.C. §1441(b)(1)).

While the Court agrees that it may consider this matter as having complete diversity at this time, it recognizes that identification of any fictious ("Doe") defendant as a Michigan citizen would divest this Court of jurisdiction. *See Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 543 (6th Cir. 2006) ("[C]omplete diversity was destroyed when [formerly fictitious defendants] were identified as nondiverse defendants, [thus] the district court lacked subject-matter jurisdiction."). And courts in this circuit have acknowledged an exception to the fictious defendant rule when

3

the named defendant is "in a better position than the plaintiff to ascertain the citizenship of the non-diverse defendant at the commencement of the action in state court." *See Cole v. Walmart Stores E., LP*, No. 23-11414, 2023 WL 9229113, at *2 (E.D. Mich. Dec. 6, 2023), report and recommendation adopted, No. 23-11414, 2024 WL 1957339 (E.D. Mich. Mar. 14, 2024) (citing *Musial v. PTC All.*, 2008 WL 2559300, at *3 (W.D. Ky. June 25, 2008).

But that notwithstanding, the amount in controversy must still be met. At the Status Conference held on October 29, 2025, Plaintiff represented to the Court that he never requested relief in an amount to exceed $75,000. In fact, he stated that he was not pursuing such an amount and had made that clear to the Defendant in their settlement negotiations. Plaintiff filed an Affidavit with the Court stating the same and confirming that the amount in controversy does not exceed $75,000. *See* ECF No. 20. That being the case, this Court is without jurisdiction to hear this matter.

The Court lacks diversity jurisdiction as the amount in controversy requirement is not met. Similarly, the Court lacks federal question jurisdiction because all the claims alleged in the Complaint are state law claims. *See* ECF No. 1, PageID.19-21 (bringing claims for Defamation Per Se, False Light, Public Disclosure of Private Facts, Intentional Infliction of Emotional Distress, Negligence/Misrepresentation, False Advertising/MCPA, Appropriation of Name and Likeness). And while Defendant raises a federal defense in its Motion to

4

Dismiss (Section 230 of the Communications Decency Act), removal cannot be based upon federal defenses in a matter. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Consequently, the Court does not have the jurisdiction to rule on the merits of this case, and it is therefore subject to remand.

## III.

Accordingly, the Court **GRANTS** Plaintiff's Motion to Remand (ECF No. 7), **REMANDS** this case to Wayne County Circuit Court, and **DENIES WITHOUT PREJUDICE** Defendant's Motion to Dismiss (ECF No. 8), to be refiled in state court if Defendant so desires.

**IT IS SO ORDERED.**

Dated: October 29, 2025  /s/ Brandy R. McMillion
 Detroit, Michigan BRANDY R. MCMILLION
 United States District Judge